(December 16, 1918.)

GEM IRRIGATION DISTRICT, a Corporation, Respondent, v. CLARENCE VAN DEUSEN, as State Auditor, Appellant.

[176 Pac. 887.]

CONSTITUTIONAL LAW — TAXATION — APPROPRIATION — LIMITATIONS ON— UNCONSTITUTIONAL STATUTE.

1.    Chap. 73, Sess. Laws 1917, p. 235, appropriating the sum of $96,670, or so much thereof as may be necessary, out of the general fund to be used by the Gem Irrigation District in the purchase of state lands lying therein, contravenes the provision of sec. 6, art. 7, of the constitution, that the legislature shall not impose taxes for the purpose of a municipal corporation, and is therefore void.

2.    An irrigation district is a municipal corporation within the meaning of sec. 6, art 7, of the constitution, prohibiting the legis-

lature from imposing taxes for the purpose of a municipal corporation.

3. Appropriations of public funds and levying taxes to raise funds for the same end rest upon the same principle. The right of the legislature to appropriate public funds is no greater than its right to tax. If an object cannot have a tax levied for it, then no appropriation of public money can be made to it.

[As to power of taxation and for what purposes it may be asserted, see note in 2 Am. St. 94; 8 Am. St. 506; 16 Am. St. 365.]

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Proceeding for a writ of mandate. Judgment granting writ *reversed.*

T. A. Walters, Attorney General, and A. C. Hindman, Assistant Attorney General, for Appellant, file no brief.

Scatterday & Van Duyn and Thompson & Bicknell, for Respondent.

The right to make appropriations depends upon the existence of certain facts which do not appear in the law. In such cases it is for the legislature and Governor and not the court to say if the facts are a sufficient basis for a valid appropriation and are not in conflict with the prohibition that the credit of the state shall not in any manner be given or loaned or that the legislature shall not impose taxes for the purpose of any county, city, town or other municipal corporation. This court will presume that such facts were a sufficient basis for the law as passed and signed. (*Stevenson v. Colgan,* 91 Cal. 649, 25 Am. St. 230, 27 Pac. 1089, 14 L. R. A. 459.)

The bill does not pretend to impose taxes for the purpose of the Gem Irrigation District upon the lands within the Gem Irrigation District, as the law has already authorized the Gem Irrigation District to assess and collect taxes for the purpose of such district. This court in the case of *State v. Union Central Life Ins. Co.,* 8 Ida. 240, 67 Pac. 647, explains

what is meant by sec. 6, art. 7.   Under that explanation the law in question in no way violates sec. 6 of art. 7, as it does not impose upon the lands of a municipal corporation taxes for the purpose of the corporation.

The presumption is that the money was appropriated by way of a settlement between the Gem Irrigation District and the state of Idaho, and that all matters with reference to said settlement were before the legislature and the Governor, and after they have passed on the same their decision is final. (6 R. C. L., secs. 99, 101.)

James E. Babb, *Amicus Curiae.*

An irrigation district is a municipal corporation within the meaning of the provisions used throughout the state constitution.   (*Pioneer Irr. Dist. v. Walker,* 20 Ida. 605, 119 Pac. 304; *Ferbrache v. Drainage District No. 5,* 23 Ida. 85, Ann. Cas. 1915C, 43, 128 Pac. 553, 44 L. R. A., N. S., 538; *School District No. 8 v. Twin Falls etc. I. Co.,* 30 Ida. 400, 164 Pac. 1174; *Brown Bros. v. Columbia Irr. Dist.,* 82 Wash. 274, 144 Pac. 74; *Wilson v. Board of Trustees of Sanitary District of Chicago,* 133 Ill. 443, 27 N. E. 203.)

An act appropriating money from the state treasury may be an act levying or imposing a tax, within the meaning of the constitutional provision that the state shall not impose taxes for the purposes of any county, city, town or other municipal corporation. (*Agricultural & Mech. College v. Hager,* 121 Ky. 1, 87 S. W. 1125.)

BUDGE, C. J.—This proceeding was brought in the district court of the third judicial district, for Ada county, by respondent, for a writ of mandate to compel appellant, as state auditor, to draw a warrant on the general fund for $90,396, payable to the state board of land commissioners, and to deliver it to respondent for the indorsement of its officers.   An alternative writ was issued.   A motion to quash was overruled and · appellant declined to plead further. Thereupon the trial court filed its findings of fact and con-

clusions of law and entered judgment directing that the writ issue. This appeal is from the judgment.

The constitutionality of chap. 73, Sess. Laws 1917, p. 235, appropriating the sum of $96,670, or so much thereof as may be necessary, out of the general fund "to be used by said Gem Irrigation District in the purchase of state lands" lying therein, is involved.

Sec. 6, art. 7, of the constitution, provides:

"Sec. 6. The legislature shall not impose taxes for the purpose of county, city, town or other municipal corporation, but may by law invest in the corporate authorities thereof, respectively, the power to assess and collect taxes for all purposes of such corporation."

An irrigation district is a municipal corporation within the meaning of the foregoing constitutional provision. (*Pioneer Irr. Dist. v. Walker,* 20 Ida. 605, 119 Pac. 304; *Ferbrache v. Drainage Dist. No. 5,* 23 Ida. 85, Ann. Cas. 1915C, 43, 128 Pac. 553, 44 L. R. A., N. S., 538; *Brown Bros. v. Columbia Irr. Dist.,* 82 Wash. 274, 144 Pac. 74.)

The constitutional provision above quoted prohibits the legislature from imposing taxes for the purpose of any municipal corporation. It necessarily follows that the legislature is without authority to make appropriations for any such purpose. If the law were otherwise, the legislature might appropriate money for municipal corporations and circumvent the limitation thereby imposed, since practically all moneys available for appropriation by the legislature are raised by taxation. The principle is well stated by the supreme court of Kentucky in the following language:

"Appropriations of public funds and levying taxes to raise funds for the same end rest upon the same principle. If an object cannot have a tax levied for it, . . . . then no appropriation of public money can be made to it. Where the constitution forbids the levying of a tax for a given purpose, it must be held that it also withholds the power of making appropriations for that purpose, . . . . " (*Agricultural & Mech. College v. Hager, Auditor,* 121 Ky. 1, 87 S. W. 1125, at 1129.)

The same principle was stated by the supreme court of West Virginia in the following language:

"The right of the legislature to appropriate the public funds is no greater than its right to tax. 1 Cooley, Const. Lim. 184." (*Woodall v. Darst,* 71 W. Va. 350, Ann. Cas. 1914B, 1278, 77 S. E. 264, 44 L. R. A., N. S., 83, at 86.)

The principle falls within the general rule stated by Cooley, as follows:

"There is no difficulty in saying that any such act, which under pretense of exercising one power is usurping another, is opposed to the constitution and void." (Cooley, Constitutional Limitations, 7th ed. p. 244.)

It is apparent, from what has been said, that chap. 73, Sess. Laws 1917, *supra,* is in contravention of sec. 6, art. 7, of the constitution, and is therefore void. The constitutionality of the foregoing act has been assailed upon other grounds, but since the constitutional provision above referred to disposes of the case, we deem it unnecessary to discuss them.

The judgment is *reversed.* Costs are awarded to *appellant.*

Morgan, J., concurs.

Rice, J., deeming himself disqualified, did not sit with the court, nor participate in the opinion.