[Civ. No. 2709. Third Appellate District.—March 27, 1924.]

## A. P. HUNT, Respondent, v. SUTTER–BUTTE CANAL COMPANY (a Corporation), Appellant.

[1] Negligence—Overflowing of Canal—Damage to Crop and Land —Amount of Verdict.—In an action to recover for damage alleged to have been suffered by plaintiff to certain growing crops and the fouling of lands leased by him so as to materially diminish their productivity during the succeeding year as the result of water escaping from defendant's irrigation canal, where the damages awarded by the jury are not complained of as being excessive, the defendant cannot complain of the verdict simply because it is less in amount than the sum claimed by plaintiff.

[2] Id. — Proper Construction of Canals — Negligent Operation— Evidence.—The fact that the defendant's canals were built in the most approved manner was wholly immaterial and did not relieve it from liability for the damage suffered by plaintiff, where the evidence was such as to justify the jury in concluding that defendant was guilty of negligence in leaving boards in a certain weir in the canal thereby causing the waters to rise, back up, break out, and overflow the lands held and operated by plaintiff to the destruction of his crops.

[3] Id.—Liability of Canal Company.—While the granting of a right of way releases a canal company from such damages as are usually and ordinarily attendant upon the building and operation of its canals and ditches, and it is not liable for breaks in its system occasioned by unprecedented and extraordinary floods which in the usual and ordinary course of events are not to be anticipated, a canal company is liable for all damages occasioned by the negligent operating of its irrigation system irrespective of whether a right of way has or has not been granted for the construction of its canals and ditches through the premises involved.

[4] Id.—Identical Instructions.—In an action to recover for damage alleged to have been suffered by plaintiff as the result of the

overflowing of defendant's canal, where the legal effect is the same and the language almost identical in an instruction given at the request of plaintiff and the instructions given at the request of defendant, no cause of complaint arises in favor of either party.

(1) 4 C. J., p. 871, sec. 2846 (1926 Anno.).   (2) 40 Cyc., p. 838. (3) 40 Cyc., p. 838.   (4) 4 C. J., p. 709, sec. 2620.

APPEAL from a judgment of the Superior Court of Butte County. H. D. Gregory, Judge. Affirmed.

The facts are stated in the opinion of the court.

Henry Ingram and W. H. Carlin for Appellant.

James T. Matlock and G. F. Jones for Respondent.

PLUMMER, J.—By this action the plaintiff sought judgment against the defendant in the sum of $14,250 on account of damage alleged to have been suffered by him to certain crops growing and being in the county of Butte in the year 1920, and the fouling of the lands then and there leased by him so as to materially diminish their productivity during the year 1921. The action was tried before a jury. Plaintiff had judgment in the sum of $1,900 and the defendant appeals.

The facts set forth in the pleadings and the transcript show that the plaintiff held, under a lease, certain lands situated in the county of Butte, upon 130 acres of which he was growing and cultivating rice; that during the year 1920 he had produced thereon a crop of considerable value; that this crop was partly harvested and standing upon the leased premises in the month of November of that year; that during said month the lands on which said crop of rice was then and there being were inundated by water escaping from a canal belonging to the defendant and appellant in this action. The allegations in the complaint material to be considered in this action are found in paragraph 6 thereof and in subdivision "e" of paragraph 7. Those allegations are as follows:

"That the said defendant negligently and carelessly maintained and operated said canal and weirs and the waters therein by boards being left in a weir, near where the Biggs

road crosses the canal, thereby causing the waters to rise and back up and break out and overflow and seep through, and as herein set forth, and that because of such negligent and careless maintaining and operating of said canal and weirs and the waters therein, by defendant, water escaped from said canal and seeped through and over and ran through the side of the canal during the latter part of the cropping season of 1920, and continued to do so for sometime thereafter, and said defendant negligently and carelessly allowed said water to flow to and upon the said lands of plaintiff herein.''

''That by reason of the overflow and seepage of said water from said canal, as hereinbefore alleged and set forth, plaintiff was compelled to perform extra services and incur extra expense in cleaning and clearing up the land so overflowed, and refilling holes cut by the water, and was thereby further damaged in the sum of Six Hundred Fifty Dollars ($650.00).''

Other allegations appear in the complaint setting forth in the aggregate the amount of damages alleged to have been suffered by the plaintiff for and on account of the waters escaping from the canal belonging to the defendant. The lands held under lease by the plaintiff belonged to Mrs. Mattie A. Looney, who, prior to the execution of the lease to the plaintiff of the lands inundated, had executed to the defendant a deed for a right of way sixty feet in width running through said leased lands for the purpose of constructing and operating an irrigating ditch or canal. This ditch or canal had been constructed by the defendant and was under its control and was being operated by it at the time of the injury complained of.   The principal ground urged by the appellant herein for reversal is that the verdict of the jury is not sustained by the evidence; a minor objection is made as to certain instructions given by the court to the jury.   In behalf of the appellant's contention that the verdict of the jury is not sustained by the evidence, the appellant sets forth in detail the testimony of a number of witnesses familiar with the building of canals and irrigating ditches all going to the effect that the canal or irrigating ditch in question was properly constructed; that it was built in the usual manner of ditches in that section of the country, and that precautions usually taken in building

such ditches for purposes of irrigation had been taken in this instance. We do not find anything in the transcript or in the reply made by respondent which seriously questions any of the foregoing propositions relating to the construction of the ditch further than the testimony of one witness that the rainfall which occurred during the period in controversy was not other than that which might be anticipated as likely to occur every few years in that locality.

[1] The plaintiff calls our attention to the fact that the jury awarded damages in the sum of only $1,900, whereas the plaintiff in his complaint had sought to recover the sum of $14,250 and argues from this that there is nothing in the case upon which the jury could have predicated such a judgment. In this particular, however, none of the testimony is called to our attention, but we have examined the transcript and find that some 130 acres of rice were inundated by the waters referred to; that the loss was considerably in excess of the amount of damages awarded by the jury; and, also, that the testimony covered such questions as the probable market value of the crop, the cost of harvesting and the various items of expenditure attendant thereupon, the question of the lessened yield for the one year involved; the extra cost of preparing the land for cultivation and various items necessitating considerable calculation on the part of the jury to arrive at an accurate estimate of the total loss suffered by the plaintiff, and, as the damages awarded are not complained of as being excessive, we do not very well see how the defendant can complain of a verdict simply because it is less in amount than the sum claimed by the plaintiff. So long as the damages awarded are not excessive, the smaller the amount awarded the less cause the losing party has to complain.

[2] The gravamen of the complaint of plaintiff is found in paragraph 6, which we have heretofore quoted. It is in the allegation of leaving boards in a certain weir in the canal in question thereby causing the waters to rise, back up, break out, and overflow the leased lands held and operated by the plaintiff to the destruction of his crops; the digging out of holes therein and fouling the land so as to make it more difficult for future use. The testimony of the witnesses Scott, Bernard, and Coffey shows that the waters flooding the lands leased and held by the plaintiff came from a break

in the canal above the weir thus referred to. The witness Scott testified that he was on the ranch occupied and farmed by the plaintiff in the month of November, 1920, about the 15th of November or as nearly as he can recall; that at that time he found the canal broken and water running in the fields; that he visited the weir referred to in the complaint and he found a man taking boards out of the weir. The witness Coffey fixes the date of the break as the 16th or 17th of November, 1920. The difference in the fixing of the dates of these witnesses is called to our attention, but it is the incident itself and not the date that usually fixes itself in the memory of the witness and consequently but little importance could be attached to this difference in the time. The witness Scott says the 15th of November as nearly as he can recall, but his testimony shows that the water was backed up and that it was running over the bank of the canal at the place fixed as the break by the other witnesses. All three of the witnesses referred to furnish sufficient testimony to justify the jury in coming to the conclusion that the crops belonging to the plaintiff were flooded by the waters going through the break above the weir mentioned in plaintiff's complaint. The canal appears, as stated by respondent, to have been "built for a number of miles across fairly level farming land," and, consequently, any obstruction therein would cause the waters flowing in the canal to back up for a considerable distance.

The witness Scott states that he was there at the time the boards were being removed from the weir which obstructed the flow of the water in the canal, and that by reason of the boards left in the same the waters therein had been backed up to such an extent that it was overflowing its banks. The jury had a right to believe this testimony and had a right to act thereon and to conclude that the obstruction in the canal had been negligently left therein. Under such circumstances the fact that the canal was constructed in the most approved manner would become wholly immaterial. If it is in the negligent operation of the canal that injury ensues, the manner in which it was built or constructed by the defendant would not relieve it from liability. This being true, we do not see the necessity for reviewing either the testimony introduced for the purpose of establishing the proper construction of the canal

or the argument of the appellant based thereon, because we would not be justified in disturbing the verdict of the jury based upon testimony tending to show its negligent operation.

[3]    The law applicable to this case is also so well settled that we need only to state its principles.    The right of way having been granted, the defendant is held only to the usual and ordinary course and manner of construction of its irrigating systems and is not an insurer; that a canal company is not liable for breaks occurring in its system occasioned by unprecedented and extraordinary floods which in the usual and ordinary course of events are not to be anticipated, but that its legal obligations are to anticipate such heavy rainfalls as are usual or do frequently occur in the vicinity or section of the state where its canal system is located; that a canal company is liable for all damages occasioned by the negligent operation of its irrigating system irrespective of whether a right of way has or has not been granted for the construction of its canals or irrigating ditches through the premises involved.    In other words, the granting of a right of way releases the defendant from such damages as are usually and ordinarily attendant upon the building and operation of canals and irrigating ditches.    (*Sternes* v. *Sutter-Butte Canal Co.,* 61 Cal. App. 737 [216 Pac. 66].)

Upon the method of ascertaining damages the court instructed the jury according to the rule laid down in *Teller* v. *Bay & River Dredging Co.,* 151 Cal. 209 [12 Ann. Cas. 779, 12 L. R. A. (N. S.) 267, 90 Pac. 942].

[4]    Objection is made by appellant to instruction number 12, given at the request of the plaintiff, in that it does not direct the jury to find from a preponderance of the evidence, and also that the reference to the damages done the leased land is erroneous as it might possibly refer to the ownership of the land.    The instruction is as follows:

"You are instructed that if you find the Defendant, Sutter Butte Canal Company, negligently and carelessly maintained and operated its canal and weirs and the water flowing in said canal in such a manner as to damage Plaintiff's rice crop, or the land leased by him, he is entitled to recover such damage, and the amount thereof is to be determined

by you from the instructions on the measure of damages, which I have heretofore read to you."

Instruction number 13, asked for by the plaintiff and given by the court, refers to the same subject, and includes the word "preponderance" omitted in instruction number 12 above set forth. It also refers to the land and elaborates upon the damages which may be considered, to wit, the fouling of the land, causing it to be overgrown with wild grass and tules by reason of the flowing, etc., and the extra expense of cleaning and clearing the land and refilling the holes made therein by the flood waters.

Instruction number 10, given by the court at the request of defendant, eliminates the question of error, if any, committed by the court in giving plaintiff's instruction number 12, so far as it relates to the land. The instruction, given at the request of the defendant, reads:

"I further instruct you that if you should find from the evidence that plaintiff had suffered damage from the flooding of his land and crops in the year 1920," etc.

It thus appears that the defendant asked the court to give an instruction in almost the identical language of which it now complains. The court also, at the request of defendant, instructed the jury as follows:

"I instruct you that the burden rests upon the plaintiff to prove by a preponderance of the evidence every material allegation necessary to establish his case and if he fails so to do, your verdict must be in favor of the defendant."

Instruction number 8, given by the court at the request of the defendant, also refers to the crops and land in the same manner as does the instruction number 12 given by the court at the request of the plaintiff. The legal effect being the same and the language almost identical in the instruction given at the request of the plaintiff and the instructions given at the request of the defendant, we do not very well see how any cause of complaint arises in favor of either party.

We find no further question calling for consideration upon this appeal.

The judgment of the trial court is affirmed.

Hart, J., and Finch, P. J., concurred.