(October 29, 1926.)

## JAMES R. MUNN and BERYL E. MUNN, Husband and Wife, and PETER M. MUNN, Appellants, v. TWIN FALLS CANAL COMPANY, Respondent.

[252 Pac. 865.]

PLEADING—LEGAL REMEDIES HELD APPLICABLE—LIMITATION OF ACTIONS —LIABILITY OF CANAL COMPANY FOR SEEPAGE—NEGLIGENCE NOT ESTABLISHED — COMMON-LAW RULE NOT APPLICABLE — WASTE OF WATER NOT PERMITTED—EVIDENCE—APPEAL AND ERROR—NONSUIT PROPERLY GRANTED.

1. Complaint for damages for alleged negligence of canal company in water-soaking plaintiff's land alleged primary rights, to which rules appropriate to legal remedies were applicable rather than rules of equity jurisprudence, within purview of C. S., sec. 6591.

2. Limitations of C. S., sec. 6611, subd. 1, *held* inapplicable to action for damages from negligence of canal company in water-soaking plaintiff's land.

3. Evidence *held* not to establish negligence of canal company relative to water-soaking of land on which irrigation ditch was maintained.

4. Under Carey Act (U. S. Comp. Stats., sec. 4685), canal company may not knowingly permit waste of water by user.

5. Proof that canal company furnished excess water to consumer with knowledge that excess was permitted to waste is insufficient to prove that excess seeped on and damaged land of another.

6. Alleged negligence of canal company in failing to operate irrigation system under rotation system as provided in contract will not be considered when such contract is not part of record.

7. Failure to plead alleged liability for cost of drainage ditch under express agreement precludes reliance thereon on appeal.

8. Common-law rule that one diverting water from its natural course does so at his peril and is insurer against resultant damage does not prevail in Idaho.

9. Nonsuit or dismissal should not be granted where plaintiff has made out *prima facie* case, but should be granted on his failure to do so.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge.

Action to recover damages. From a judgment of dismissal plaintiffs appeal. *Affirmed.*

Turner K. Hackman, for Appellants.

The court erred in entering judgment of nonsuit on motion of the defendant, because the evidence clearly shows that there is seepage upon plaintiff's land which has ruined three acres of the orchard, damaging plaintiff at from $500 to $800 per acre; that said seepage comes from the waters diverted by the defendant company from Snake River, and under the exclusive management and control of defendant company. (*Lisonbee v. Monroe Irr. Co.,* 18 Utah, 343, 72 Am. St. 784, 54 Pac. 1009; *Mallett v. Taylor,* 78 Or. 208, 152 Pac. 873; *Stuart v. Noble Ditch Co.,* 9 Ida. 765, 76 Pac. 255; *Woodland v. Portneuf-Marsh Valley Irr. Co.,* 26 Ida. 789, 146 Pac. 1106; *State v. Twin Falls Canal Co.,* 21 Ida. 410, 121 Pac. 1039.) The evidence shows that defendant company negligently operated its irrigation system by keeping water constantly running in its canals, ditches and coulees, in excess of the needs for irrigation and domes-

Publisher's Note.

3. See 15 R. C. L. 488.
6. See 2 R. C. L. 137.
8. See 15 R. C. L. 487.

See Appeal and Error, 3 C. J., sec. 584, p. 694, n. 52; 4 C. J., sec. 2362, p. 553, n. 35.
Limitation of Actions, 37 C. J., sec. 118, p. 779, n. 53.
Pleading, 31 Cyc., p. 84, n. 28.
Trial, 38 Cyc., p. 1556, n. 10; p. 1557, n. 21.
Waters, 40 Cyc., p. 569, n. 31; p. 663, n. 63; p. 815, n. 62; p. 839, n. 77.

tic purposes; and by excessive use of water has caused seepage upon lands of plaintiffs as well as others, and has failed to use a rotation system as is provided in its original contract and articles of incorporation. (*State v. Twin Falls Canal Co., supra.*)

Even though no negligence be admitted or shown, yet, defendant company is a mutual operating irrigation company and is bound to protect lands within its segregation from damage by seepage by using ordinary care and diligence in using rotation in the furnishing of water to its stockholders. (*Mallett v. Taylor,* 78 Or. 208, 152 Pac. 873; *Arave v. Idaho Canal Co.,* 5 Ida. 68, 46 Pac. 1024; *Stuart v. Noble Ditch Canal Co.,* 9 Ida. 765, 76 Pac. 255; *McCarty v. Boise City Canal Co.,* 2 Ida. (225) 245, 10 Pac. 623; *In re Drainage Dist. No: 1,* 29 Ida. 377, 161 Pac. 315; *Woodland v. Portneuf-Marsh etc. Co.,* 26 Ida. 789, 146 Pac. 1106; *Verheyen v. Dewey,* 27 Ida. 1, 146 Pac. 1116; *Emison v. Owyhee Ditch Co: (Or.),* 62 Pac. 13; *Chidester v. Consolidated Ditch Co.,* 59 Cal. 197; *Jenkins v. Hooper Irr. Co.,* 13 Utah, 100, 44 Pac. 829; *Lisonbee v. Monroe Irr. Co., supra; Parker v. Larsen,* 86 Cal. 236, 21 Am. St. 30, 24 Pac. 989.) It is shown by the allegations of plaintiffs' complaint that said damage occurred, beginning in the year 1918, until the filing of this action, except for the year 1919; said action was not barred by the statute of limitations. (*Hill v. Empire State-Idaho Min. & Devel. Co.,* 158 Fed. 881; *Boise Development Co. v. Boise City,* 30 Ida. 675, 167 Pac. 1032; *Deffenbaugh v. Washington Water Power Co.,* 24 Ida. 514, 135 Pac. 247.)

James R. Bothwell, for Respondent.

Negligence is never presumed and the burden of proving negligence falls on the party alleging it. (*Longmire v. Yelm Irr. Dist.,* 114 Wash. 619, 195 Pac. 1014; *Maulsby v. Cook,* 134 Wash. 133, 235 Pac. 23.)

The common-law rule relating to seepage has been modified and relaxed in this and other arid states, so that the owner of an irrigation ditch is only liable for damages occurring to

others as a result of his negligence or unskilfulness in constructing, maintaining or operating the ditch. (*Burt v. Farmers' Co-op. Irr. Co., Ltd.,* 30 Ida. 752, 168 Pac. 1078; *Nampa & Meridian Irr. District v. Petrie,* 37 Ida. 45, 223 Pac. 531; *McCarty v. Boise City Canal Co.,* 2 Ida. 225 (245), 10 Pac. 623; *Stuart v. Noble Ditch Co.,* 9 Ida. 765, 76 Pac. 255; *Arave v. Idaho Canal Co.,* 5 Ida. 68, 46 Pac. 1024; *Verheyen v. Dewey,* 27 Ida. 1, 146 Pac. 1116; *In re Drainage Dist. No. 1,* 29 Ida. 337, 161 Pac. 315; *City of Boulder v. Fowler,* 11 Colo. 396, 18 Pac. 337; *Howell v. Big Horn Basin Colonization Co.,* 14 Wyo. 14, 81 Pac. 785, 1 L. R. A., N. S., 596; *Fleming v. Lockwood,* 36 Mont. 384, 122 Am. St. 375, 13 Ann. Cas. 263, 92 Pac. 962, 14 L. R. A., N. S., 628; *Campbell v. Bear River & Auburn Water Min. Co.,* 35 Cal. 679; *Messenger v. Gordon,* 15 Colo. App. 429, 62 Pac. 959; *Anderson v. Rucker Bros.,* 107 Wash. 595, 183 Pac. 70, 186 Pac. 293, 8 A. L. R. 544; *North Sterling Irr. Dist. v. Dickman,* 59 Colo. 169, Ann. Cas. 1916D, 973, 149 Pac. 97; *Calvert v. Anderson,* 73 Mont. 551, 236 Pac. 847; *Nahl v. Alta Irr. Dist.,* 23 Cal. App. 333, 137 Pac. 1080; 15 R. C. L. 488.)

Parties will be held to the theory upon which their cause was tried in the lower court, and a different and inconsistent theory cannot be advanced for the first time upon appeal. (*Milner v. Earl Fruit Co.,* 40 Ida. 339, 232 Pac. 581; *Miller v. Sheane,* 120 Wash. 227, 206 Pac. 913; *Schneider v. Henley,* 61 Cal. App. 758, 215 Pac. 1036; *Forsland v. Forsland,* 46 Cal. App. 405, 189 Pac. 327; *Blanc v. Connor,* 167 Cal. 719, 141 Pac. 217; 3 C. J. 718, sec. 618.)

In absence of evidence as to how canals were constructed, since negligence is never presumed, the presumption would be that they were properly constructed. (*Longmire v. Yelm Irr. Dist., supra.*)

When the evidence clearly shows that plaintiff has not made his case, the case may be taken from the jury and a motion for nonsuit granted. (*Holt v. Spokane & P. R. Co.,* 4 Ida. 443, 40 Pac. 56; *Hargis v. Paulsen,* 30 Ida. 571, 166 Pac. 264.)

TERRELL, District Judge.—This is an action for damages claimed to have been occasioned by the alleged negligence of respondent in water-soaking appellants' land.

The facts are contained in the transcript of evidence, which, of course, cannot be fully summarized, but our interpretation of the effect of which will be discussed in the course of this opinion.

Counsel for appellants makes certain assignments of error which, for convenience, will be designated by number in the order in which they occur in his brief, and will be grouped and combined according to subject matter. Owing to the length of the assignments, their effect only will be stated. They are as follows: The court erred: 1, 2, 5 and 6, because the evidence shows that appellants' land, formerly arid in character, was damaged by seepage water, and said land could only become subject to seepage from respondent's irrigation system; and because it was respondent's duty to relieve the seepage condition on appellants' land by boring wells, digging ditches, etc.; and that even though appellants have not proven negligence, yet, respondent is liable for the injury to appellants' land; 3, because the evidence shows that respondent expressly agreed to reimburse appellants for one-half the cost of the construction of a drainage ditch upon appellants' land; 4 and 7, because the evidence shows that respondent operated, managed and controlled the waters of its irrigation system, and was negligent in operating its irrigation system, in that it kept water constantly running in its canals, ditches and coulees in excess of the needs of irrigation and domestic purposes; and in that it failed to use a rotation system in the distribution of its water as provided in its original contract and articles of incorporation; and in that respondent, in effect, admits liability for the seepage condition; 8 and 9, because the evidence shows that appellants' cause of action is not barred under subd. 1 of C. S., sec. 6611; 10, because it was the duty of the court in considering precedents from the supreme court of this state, or of another state, as laying down a principle of law applicable to the instant case, to ascertain whether there

was a legal rule and also an equitable rule of law applicable, and if so, to disregard the legal rule and adopt the equitable rule, and instruct the jury accordingly.

The last assignment, summarized from appellants' brief was not listed by counsel for appellants as such, but was subsequently so discussed in his brief, and dwelt upon at length in his oral argument, hence our treatment of it as such.

We will discuss these assignments in inverse order.

Counsel for appellants, in discussing the last assignment, says:

"We must remember that within this jurisdiction the courts must not alone follow the rules of the common law, but that in accordance with Section 6591 of the Idaho Compiled Statutes, it is provided: 'That in all matters not regulated by this code, in which there is any conflict or variance between the rules of equity jurisprudence and the rules of the common law, with reference to the same matter, the rules of equity shall prevail.' "

The other part of C. S., sec. 6591, preceding the proviso quoted, reads as follows:

"There is in this state but one form of civil actions for the enforcement or protection of private rights and redress or prevention of private wrongs."

Just what relevance exists between this assignment of counsel for appellants and said sec. 6591 is not altogether clear, but his position seems to presuppose a conflict in this case between the rules of law and equitable rules which were not ascertained by the trial court, and then to be that these rules should be applied more or less interchangeably with a view to granting appellants relief.

[1]  A construction of C. S., sec. 6591, which relates only to procedure, and appellants' complaint will disclose no such conflict of which the trial court should have taken cognizance.

In this case appellants are seeking a remedy, or, in other words, a judgment which will afford relief for the alleged violation of some primary right. The instrumentality

through which they expect to avail themselves of their remedy is a civil complaint. The nature of their primary rights, supposed to have been invaded, must necessarily appear from the acts or omissions alleged in the complaint as the basis for the remedy sought. These alleged acts or omissions, *ipso facto*, disclose whether the rules of law appropriate to a legal remedy, or the rules appropriate to an equitable remedy, were to be applied, in granting the relief sought, if any.

In substance, appellants' complaint alleges the ownership of fifteen acres of orchard land in a Carey Act project in the vicinity of Twin Falls, Idaho; that respondent is a mutual, co-operative company (and the operating company of the project), of which appellants are stockholders, furnishing water to said project through an irrigation system consisting of ditches, canals, etc.; that appellants, as stockholders, have no right in the irrigation system, but are entitled to receive certain water for their lands through it; that such right is a part of and relates to the water right of respondent; that respondent claims the absolute right to control all waters diverted by it, and to use it over and over again while within the boundaries of the project, and to collect seepage and other water from land already irrigated into ditches and coulees for this purpose; that respondent has wrongfully neglected, and carelessly permitted, the water from its canals, ditches and coulees to seep on to appellants' land since 1918, resulting in damage to the extent of something over $22,000, which they seek to recover.

In the light, therefore, of the alleged acts and omissions alleged in appellants' complaint, it is pertinent to inquire what primary right of theirs, if any, has been violated, and what kind of remedy would be appropriate to give them relief for the violation of this primary right. The answer to these questions is clear. The primary right of the appellants which has been violated is the right to enjoy their property without wrongful injury or interference by another. The remedy for the violation of the primary right is a judgment for compensation to the extent of the injury

done. It is also clear that the primary rights of appellants, which they claim to have been invaded, as well as the remedy which they seek, calls for the application of legal rules, viz., rules relating to the substantive law of torts, and particularly that branch of the subject dealing with negligence and damages recoverable therefor.

It is our conclusion that the interpretation placed upon the nature of the appellants' complaint in the lower court by both parties litigant, as the record discloses, viz., that it pleaded acts and omissions or primary rights to which rules appropriate to legal remedies were applicable, was correct, and that there was no such conflict as to the remedy appropriate to the facts pleaded that rendered the rules of equity jurisprudence applicable, within the purview of the proviso of C. S., sec. 6591, aforesaid.

[2] As to appellants' assignments 8 and 9, to the effect that the trial court erred in holding that their cause of action was barred by subd. 1 of C. S., sec. 6611, it is sufficient to say that this is not an action for trespass upon real property, and subd. 1 of said section is not applicable to this case. (*Boise Development Co. v. Boise City,* 30 Ida. 675, 167 Pac. 1032; *Hill v. Empire State-Idaho Mining & Development Co.,* 158 Fed. 881.)

Respondent's motion for nonsuit should not have been granted so far as this ground is concerned.

The fourth and seventh assignments of counsel for appellants deal with the question of whether or not the evidence in this case, taken as true, and all reasonable inferences that may be drawn therefrom, show or tend to show liability on the part of respondent for the injury to appellant's land, based upon negligence.

The rule is laid down in 29 Cyc. 419, that:

"In every case involving negligence there are necessarily three elements essential to its existence: (1) The existence of a duty (enjoined or implied by law) on the part of defendant to protect plaintiff from injury; (2) failure of defendant to perform that duty; and (3) injury to plaintiff

from such failure of defendant.'' (Parenthetical clause ours.)

Furthermore, the rule has been laid down in this state in actions for damages for seepage from canals, ditches, etc.:

''That one who conducts irrigation water through a ditch, or uses it on his land is not liable for injury caused by seepage, unless he is negligent in the construction or operation of his ditch, or the use of the water.'' (*Nampa & Meridian Irr. Dist. v. Petrie,* 37 Ida. 45, 223 Pac. 531; *Burt v. Farmers' Co-op. Irr. Co.,* 30 Ida. 752, 168 Pac. 1078.)

In the assignments under discussion it will be observed that counsel for appellants mentions three lines of testimony in the case which he contends show or tend to show negligence on the part of the respondent, viz.: 1. The constant running and excessive use of water operated, managed and controlled by respondent in its canals, ditches, coulees and irrigation system, causing the seepage on appellants' land; 2. Failure to use the rotation system in the distribution of its water, as provided in its original contract and articles of incorporation; and 3. Statements and conduct of respondent amounting in effect to an admission of negligence.

[3] We shall briefly consider the effect of these various lines of evidence in connection with the three essential elements of negligence heretofore mentioned, and the rule laid down in this state, with a view to determining whether such evidence establishes or tends to establish negligence on the part of respondent.

The record in this case shows that a portion of appellants' land is water-logged by seepage from some source; that respondent diverts water from the Snake River and conducts it by certain large canals, etc., to and through a large body of land segregated under what is commonly called the ''Carey Act Law''; that from said large canals, etc., smaller ditches called ''laterals'' are run which deliver water to the ditch of the individual land owner, who has acquired such right by contract with respondent; that respondent is the owner of the right to the use of the water so diverted by it, but has, by contract, sold to individual land owners and

stockholders certain rights to the use of definite quantities of said water through its irrigation system; that water is run in the large canals, designated as the "main" and "low line" canals the year round; that the low line, about one-quarter of a mile away, is the nearest appellants' land; that 950 cubic feet of water is carried in this canal during the irrigation season, and between 250 and 300 cubic feet during the nonirrigating season; that respondent's canals have been silted and puddled, and are practically water tight; that water, to some extent, runs all the year in the Perrine Coulee, about one-quarter of a mile from appellants' land; that water is not run by respondent in smaller laterals except during the irrigation season; that in the spring when there is a surplus of water, farmers will be allowed a larger head of water than their contract calls for, but this is later deducted from their total right, so that, in the aggregate, each right is filled, and no more.

[4] How the individual land owner may have used the water that was delivered to him under his contract is not, in any event, material in this case in the absence of proof that respondent knew, or was charged with notice, that it was being wasted to the possible injury of another land owner. It is a cardinal principle established by law and the adjudications of this court that the highest and greatest duty of water be required. The law allows the appropriator only the amount actually necessary for the useful or beneficial purpose to which he applies it. What constitutes a reasonable use of water is a question of fact, and depends upon the circumstances of each case. No person is entitled to use more water than good husbandry requires. It is the duty of a canal company under the Carey Act, as much as of a user under such canal, not to knowingly permit the waste of water. It is as much against public policy for a canal company to knowingly furnish water in excess of the needs and beneficial use of a consumer, with knowledge that such consumer is wasting it, as it is for the consumer to waste it, and a company which knowingly furnishes water to a consumer in excess of any beneficial use, or with knowledge that it is

not being put to any beneficial use and is being wasted by being permitted to seep needlessly upon the lands of another, will be liable for such damage as the seepage may cause upon proof of such violation of the policy of the law, which of itself would establish negligence, and that such negligence directly contributed to the injury, and it will not be a defense for a canal company that the water was so ultimately wasted by the consumer if the company knew, or with the exercise of reasonable care and diligence ought to have known, that the consumer was being furnished with an amount of water in excess of his needs or of any beneficial use, and that thereby the excess was caused to be or permitted to be so wasted as to seep upon the lands of another to his damage.

[5] However, proof that a canal company has furnished to a consumer water in excess of any beneficial use of the consumer, with knowledge that the water was by such consumer, permitted to waste, will not supply that which for instance in this case was lacking, that the excess water so furnished and permitted to waste was the water, if any, which seeped upon and damaged the plaintiff.

In other words, while knowingly furnishing an excess of water by a canal company would be proof of negligence, the fact that such an excess was in some instances furnished would not be proof that such furnishing and such water furnished was the water which, if any, seeped upon and damaged the plaintiff. This necessary element of evidence, connecting the evidence of excess water furnished, with and as the water which did seep upon plaintiffs' land, or that by reason of such excess water furnished, there was an excess seepage upon plaintiffs' land, is not established herein.

Even though an individual land owner might have been allowed a larger head of water at times in the spring than he would have been entitled to if all rights were being filled, there is no evidence that this was wasted, or that it was not, in conformity with good husbandry. It may well be that the land owner considered that he could irrigate more efficiently with a larger head of water at a given time, although

it would cut his right down later. This is one of the benefits conferred by the rotation system, the alleged failure to use which by respondent counsel for appellants says shows negligence.

In holding, therefore, that appellants have not proven negligence in the operation of respondent's canals, etc., no question being raised as to negligence in the construction of them, it becomes unnecessary to consider the proximate cause of the seepage upon appellants' land, because under the line of evidence under consideration counsel for appellants is contending that the evidence shows or tends to show that respondent was negligent in the operation of its canals, ditches, etc., by running excessive amounts of water in them.

[6] Upon that alleged line of evidence which counsel for appellants contends shows or tends to show negligence on the part of the respondent in the operation of its irrigation system in failing to distribute its water under a system of rotation, as provided in its original contract and articles of incorporation, in addition to what has heretofore been said with reference thereto, it is sufficient to further observe that neither said original contract nor the articles of incorporation are a part of the record in this case, except parts of same pleaded by appellants, and admitted by respondent, and from what is disclosed by the record no duty devolved upon respondent to so distribute its water.

[7] The effect of appellants' third assignment is that respondent is liable to appellants for one-half of the cost of a certain drainage ditch constructed by appellants on their land, because the evidence shows that there was an express agreement between appellants and respondent to this effect. If there was such an agreement, and appellants wished to rely upon it, they should have pleaded it. This they did not do, as their complaint clearly shows. The theory upon which they asked that they be reimbursed for one-half of the cost of the construction of such drainage ditch in the lower court was that they were compelled to dig said ditch by reason of the carelessness and negligence of respondent in soaking their land; in other words, upon the theory of spe-

43 Idaho—14

cial damages sustained.   There is no merit in this assignment.

The first, second, fifth and sixth assignments of appellants are based upon the theory that the evidence in this case shows or tends to show that respondent is liable for the seepage on appellants' land, even in the absence of negligence on the part of respondent.

[8]   This contention of counsel for appellants may be disposed of upon the statement that his contention could be true only under the common-law rule, that one who diverts water from its natural course does so at his peril, and, practically speaking, is held to be an insurer against resultant damage, which rule is not followed in this state.   (See *Burt v. Farmers' Co-op. Irr. Co., supra,* and *Nampa & Meridian Irr. Dist. v. Petrie, supra.*)

The position taken by counsel for appellants under these assignments cannot be sustained.

[9]   From what has been said, and bearing in mind the rule in this state with reference to nonsuits and dismissals, to the general effect that where a plaintiff had made out a *prima facie* case a nonsuit or dismissal should not be granted, and, conversely, where such a case has not been made out a nonsuit or dismissal should be granted, we conclude that appellants did not make out a *prima facie* case in the court below.

The judgment of dismissal is affirmed, with costs to respondent.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.

Petition for rehearing denied.