(No. 5346. April 3, 1930.)

E. W. STEPHENSON, Respondent, v. PIONEER IRRIGA-
TION DISTRICT, Appellant.

[288 Pac. 421.]

Rice & Bicknell, for Appellant.

Rhodes & Estabrook, for Respondent.

GIVENS, C. J.—Plaintiff-respondent sued the defendant-appellant, an irrigation district, for damages on two causes of action: First for injuries to the crops on his land during 1923, 1924, 1925 and 1926, caused by water seeping, percolating and escaping from appellant's canal; and second, to recover for the permanent injury and destruction of two acres of the said land in an attempt to drain the same. The appeal is from a judgment on both causes of action.

Numerous assignments of error are made which, however, group themselves into the following divisions: First, the sufficiency of the complaint to state a cause of action, dependent in turn on the liability of appellant for damages for the alleged negligent construction, maintenance and operation of its canal; second, the sufficiency of the evidence; and third, the giving and rejection of certain instructions.

Appellant contends that irrigation districts are agencies or arms of the state and therefore not liable for the negligent construction or operation of their canals or ditches.

This court has frequently and variously defined an irrigation district: "A *quasi*-public corporation," *Little Willow Irr. Dist. v. Haynes*, 24 Ida. 317, 133 Pac. 905; "a *quasi*-municipal corporation," *Indian Cove Irr. Dist. v. Prideaux*, 25 Ida. 112, Ann. Cas. 1916A, 1218, 136 Pac. 618.

"Not a public service corporation in the sense that it is a common carrier to any other or greater extent than the term implies when applied to its own membership, and confined to the business of carrying water for the irrigation of lands within its own district. It is a mutual, cooperative corporation, organized not for profit, engaged in distribut-

ing water to its members for use upon lands within its district." (*Nampa & Meridian Irr. Dist. v. Briggs*, 27 Ida. 84, at 105, 147 Pac. 75, 82.)

"A municipal corporation." (*Gem Irr. Dist. v. Van Deusen*, 31 Ida. 779, 176 Pac. 887; *Storey & Fawcett v. Nampa & Meridian Irr. Dist.*, 32 Ida. 713, 187 Pac. 946.)

"A *quasi*-public or municipal corporation." (*Yaden v. Gem Irr. Dist.*, 37 Ida. 300, at 308, 216 Pac. 250.)

The definition, most enlightening with regard to the question we are here considering, is found in *City of Nampa v. Nampa & Meridian Irr. Dist.*, 19 Ida. 779, at 787, 115 Pac. 979, 982, as follows:

"An irrigation district is a public *quasi* corporation, organized however, to' conduct a business for the private benefit of the owners of lands within its limits. . . . . It is, in the administration of its business, the owner of its system in a proprietary rather than a public capacity, and must assume and bear the burdens of proprietary ownership."

It is apparent from the above that this court has classified an irrigation district as more in the class of municipal corporations, than in the class of counties.

The latest expression of this court with regard to the liability of a somewhat similar organization for acts done in its proprietary capacity is *Strickfaden v. Greencreek Highway Dist.*, 42 Ida. 738, 49 A. L. R. 1057, 248 Pac. 456, wherein it was held that a highway district is liable for its torts when the same arise out of ministerial, private, corporate or proprietary functions. The federal court of this district had previously so held with regard to an irrigation district. (*Noon v. Gem Irr. Dist.*, 205 Fed. 402.)

The general rule with regard to liability in this state, for the construction, maintenance and operation of irrigation canals, is thus stated in *Burt v. Farmers' Co-operative Irr. Co., Ltd.*, 30 Ida. 752, at 767, 168 Pac. 1078, 1082:

"Under the common law one who diverted water from its natural course did so at his peril, and was held practically to be an insurer against damage which might result from such action. (Citing cases). . . . . The common law

has been modified and relaxed in this and other arid states, so that the owner of an irrigation ditch is only liable for damages occurring to others as a result of his negligence or unskillfulness in constructing, maintaining or operating of the ditch. (Citing cases.) . . . . ''

The same has also been declared in substance in *Arave v. Idaho Canal Co.*, 5 Ida. 68, 46 Pac. 1024. The following decisions of this court, if not decisively, at least strongly indicate that an irrigation district is liable for the negligent operation and construction of its canal. (*Munn v. Twin Falls Canal Co.*, 43 Ida. 198, 252 Pac. 865.) While the party to the above action was a canal company and not a district, it will be noticed that the holding of liability is based upon an irrigation district case. The expression in *Nampa & Meridian Irr. Dist. v. Petrie,* 37 Ida. 45, at 53, 223 Pac. 531, is at least a left-handed statement of liability. *Verheyen v. Dewey,* 27 Ida. 1, 146 Pac. 1116, considering a similar question, was reversed on a question of practice, not upon the substantive law.

The following cases from other jurisdictions are in line with respondent's contention herein and adverse to appellant. California: *Nahl v. Alta Irr. Dist.,* 23 Cal. App. 333, 137 Pac. 1080, at 1081:

"The plaintiff, in his briefs, declares that there are two questions presented by this appeal, to wit: 'One of fact, How did the flooding of plaintiff's land occur? and one of law, Is the Alta irrigation district liable?' But there is in reality but one question in the case, viz., Does the evidence support the findings? There can, of course, be no question as to the duty and obligations resting upon the owner of an irrigation ditch in his relations as such with the public. He must so construct and maintain it as that, in its operation, by the exercise of reasonable or ordinary care, no damage will result to others. To him, as well as to all persons, must obviously be applied the principle that one must so use his own property as not to injure that of. others, or, as that trite doctrine is otherwise more tersely and classically expressed, '*sic utere tuo ut alienum non*

*laedas.'* 'He is bound to keep his ditch in good repair, so that the water will not overflow or break through its banks and destroy or damage the lands of other parties, and if, through any fault or neglect of his in not properly managing and keeping it in repair, the water does overflow or break through the banks of the creek' and injures or destroys the land or property of others, the law will hold him responsible therefor. *Richardson v. Kier,* 34 Cal. 63, 74, 91 Am. Dec. 681. But he is not an insurer against all damages arising from his ditches, but is liable when negligent in the construction, maintenance, and operation thereof. He is, in other words, required to exercise reasonable or ordinary care only in the construction, maintenance, and operation of his ditches. 3 Current Law, p. 1125, notes 106 and 110.''

From the above quotation it is clear the question herein involved was considered. (*Stapp v. Madera Canal & Irr. Co.,* 34 Cal. App. 41, 166 Pac. 823, at 826; *Hunt v. Sutter-Butte Canal Co.,* 66 Cal. App. 363, 225 Pac. 884; *Catlett v. Bennett,* 37 Cal. App. 91, 173 Pac. 598.)

*Tormey v. Anderson-Cottonwood Irr. Dist.,* 53 Cal. App. 559, 200 Pac. 814, based liability upon the proposition that private property could not be taken for a public use without just compensation. Such holding does not militate against the conclusion that the district is herein liable, as pointed out in *Holderbaum v. Hidalgo County Water Imp. Dist. No. 2,* (Tex. Civ. App.) 297 S. W. 865, which discussed this precise point, and which decision was affirmed in (Com. App.) 11 S. W. (2d) 506, per *Dew v. American Rio Grande Land & Irr. Co.,* (Tex. Civ. App.) 13 S. W. (2d) 474.

Colorado holds a district liable, if negligent. (*North Sterling Irr. Dist. v. Dickman,* 59 Colo. 169, 149 Pac. 97), and it will be noticed that the note to this case, Ann. Cas. 1916D, at 981, annotates numerous cases to the proposition that the owner of an irrigation ditch, if negligent, in the construction or operation thereof, is liable for any ensuing injury.

The United States ninth circuit court of appeals has likewise so held in the well-known, so-called Salton Sea Cases, *California Development Co. v. New Liverpool Salt Co.*, 172 Fed. 792, 97 C. C. A. 214.

Montana holds canal companies liable. (*Calvert v. Anderson*, 73 Mont. 551, 236 Pac. 847.) Likewise Utah: *Jensen v. Davis & Weber Counties Canal Co.*, 44 Utah, 10, 137 Pac. 635, at 636; *Mackay v. Breeze*, (Utah) 269 Pac. 1026, at 1028. In the latter case it will be noticed that the dissent was not upon this question, but upon whether the evidence showed negligence with regard to both portions of the ditch.

This court has stated the test for determining whether an act of a municipality is governmental or proprietary as follows:

"In a certain sense any municipal function might be regarded as governmental, but the term, when properly applied to the subject here under consideration, should limit governmental functions to 'legal duties imposed by the state upon its creature, which it may not omit with impunity but must perform at its peril. . . . . They are all imposed by statute, and are necessarily mandatory or peremptory functions. . . . . '" (*Boise Development Co., Ltd., v. Boise City*, 30 Ida. 675, 167 Pac. 1032, 1034.)

In the above case the court had under consideration the liability of a city for negligently obstructing the channel of a river in protecting a city park, the court holding that such act was not a governmental function, because not imposed by statute. The language of the statute under which the municipality did such work, 1909 Sess. Laws, p. 113, sec. 36, at p. 121, is no more permissive than the language found in C. S., sec. 4346, defining the powers and duties of irrigation districts with regard to irrigation works. Nor is sec. 4346 any more mandatory than the special charter of Boise City above referred to. Conceding that an irrigation district possesses some governmental functions, under the above authorities, the construction and operation of its irrigation canals and ditches is a proprietary rather than a governmental function (43 C. J. 920, 952, sec. 1731), and

hence the district is responsible in damages for the negligent construction or operation of its canal system.

Appellant in its brief has picked out portions of the testimony of certain witnesses and argues therefrom that there was no showing of negligence and not sufficient evidence to support the verdict in the amount rendered for the loss of crops, and damages in connection with the attempted drainage of respondent's land affected. There is evidence to the effect that the land through which the portion of the canal in question was constructed was underlaid in part with lava, in which there were cracks, crevices and seams, and that in its initial construction of the canal and subsequent enlargement, rocks were placed in the lower bank and although covered with dirt, the bank remained porous and allowed water to seep and trickle through the bank to such an extent that in places little rivulets could be seen emerging from the lower side; that nothing was done to remedy the porous condition of the bed of the canal, except the puddling effect of the silt naturally carried in the water in the canal; and that although the water-table through that section rose by reason of general irrigation, there was a notable rise in the water-table upon respondent's lands when water was in appellant's canal immediately adjacent thereto and a noticeable fall in the water-table when water was not run in the canal. There was also evidence that such construction of the bank and bottom of the canal through such soil conditions was negligent. Conceding that there was evidence to the contrary, this evidence was sufficient to go to the jury.

It, of course, would be difficult, if not impossible, to determine with mathematical accuracy the injury for which the general water-table resulting from the irrigation of upper lands was alone responsible, and the injury for which the seepage from the canal was responsible, but there was a sufficient showing with regard to the result of each contribution. (*Bijou Irr. Dist. v. Cateran Land & Livestock Co.*, 73 Colo. 93, 213 Pac. 999.) Similar evidence has been held to authorize a finding of negligence. (*Paolina v.*

*Fresno Canal & Irr. Co.*, 9 Cal. App. 1, 97 Pac. 1130, at 1133; *Tormey v. Anderson-Cottonwood Irr. Dist.*, (Cal. App.) *supra; Calvert v. Anderson*, (Mont.) *supra; Hooker v. Farmers' Irr. Dist.*, 272 Fed. 600; *Jensen v. Davis & Weber Counties Canal Co.*, 44 Utah, 10, 137 Pac. 635.)

 Respondent, as well as others, testified with regard to the condition of the land and the effect of the seepage and percolation upon it, and the crops which respondent attempted to raise thereon. Evidence was given with regard to the value of the land, dry and water-logged, the value of the crops raised and what crops could have been raised if the land had not been saturated to the extent it was by the water apparently contributing to its water-logged condition by the seepage and percolation of waters from appellant's canal. It therefore cannot be said that there was not sufficient evidence to sustain the verdict in this particular.

 With regard to the instructions complained of, instruction No. 2 is a correct definition of negligence. (45 C. J. 627.) Instruction No. 4 is substantially a copy of C. S., sec. 5656, and if irrigation districts are as indicated above liable for their torts, the requirements of such section are applicable to them. Instruction No. 5 is substantially a copy of C. S., sec. 5657, the substance of which was quoted with approval and not criticised in *Mahaffey v. Carlson*, 39 Ida. 162, 228 Pac. 793. Instruction No. 8 correctly advised the jury as to what would constitute negligence in the construction of a canal. (*Paolina v. Fresno Canal & Irr. Co.*, (Cal. App.) *supra; Calvert v. Anderson, supra; Tormey v. Anderson-Cottonwood Irr. Dist.*, (Cal. App.) *supra*.)

Instruction No. 11 differentiated between the liability of the district for injury caused by its acts and such injury as might have been caused by the general rise of the water-table, and read in connection with instructions numbered 12 and 9, limited the appellant's liability to the result of its acts. (*Raish v. Orchard Canal Co.*, 68 Mont. 140, 218 Pac. 655; *Verheyen v. Dewey, supra*.) Instruction No. 13 was a

corrected statement as to the measure of damages for the crops injured. (*Mahaffey v. Carlson, supra; Call v. Coiner,* 43 Ida. 320, 251 Pac. 617; 17 C. J. 891.)

■ Of the instructions refused, the first being an advisory instruction to find in favor of appellant, is disposed of by the above discussions. As to requested instruction No. 2, instruction No. 10 as given was correct, to the effect that respondent was entitled to reimbursement for money expended by him in a reasonable effort to avoid injuries for the water negligently escaping from appellant's canal. (17 C. J. 806.) Requested instruction No. 3 was fully covered by instruction No. 10 given as indicated above.

The judgment is affirmed. Costs awarded to respondent.

Lee, Varian and McNaughton, JJ., concur.

Petition for rehearing denied.

BUDGE, J., Concurring in Part and Dissenting in Part.— I concur in the affirmance of the judgment except as to the portion thereof based upon the verdict of the jury evidently awarding respondent damages for the destruction of approximately two acres of his land in the attempt at drainage. The jury were not instructed upon this phase of the case or informed as to the measure of damage for a total or partial destruction of the land. Under the facts as they appear in the record, respondent did not show himself entitled to damages for either partial or total destruction of the two acres through which the drain was constructed.