## GEORGE W. COCKERELL v. JOHN C. MOLL.

COSTS—*Right of Recovery; Statute Construed.* Where C. brought an action in trespass before a justice of the peace against M. and recovered a judgment for $37.50, and thereafter M. brings an action in trespass against C. before a justice of the peace and recovers a judgment for fifteen dollars, and both actions are duly appealed to the district court, and by consent are there consolidated and tried as one action, and a verdict rendered in favor of M. for less than five dollars, *held,* that the judgment would carry the entire costs of the consolidated action, and of the case of M. against C., notwithstanding the fact, that C. had in the action brought by M. and before the trial in the justice's court offered in writing to consent to a judgment in favor of M. in the action for five dollars.

### Error from Pottawatomie District Court.

MOLL recovered a judgment against *Cockerell,* at the August Term 1875, for five cents, and for costs amounting to $220. *Cockerell,* after verdict, and before judgment, moved that all of said costs except $20.75 be taxed against *Moll,* which motion was denied, and *Cockerell* now brings the record here, alleging error in the overruling of such motion.

*J. S. Walker,* and *Hick & Reed,* for plaintiff in error.

*James S. Merritt,* for defendant in errror.

The opinion of the court was delivered by

BREWER, J.: Geo. W. Cockerell sued John C. Moll before a justice of the peace and recovered judgment for $37.50. Moll appealed to the district court. Afterward Moll sued Cockerell before a justice of the peace, and recovered judgment for $15. Cockerell appealed to the district court. Both actions were for trespass. In the justice's court, and before trial, Cockerell, in the case where he was defendant, offered to allow judgment to be taken against him for five dollars. The cases came on for trial in the district court, when upon the application, and by the agreement of both parties, the two cases were consolidated into one, which was proceeded with from that time under the title—"*George W. Cockerell vs. John C. Moll, and John C. Moll vs. George W. Cockerell, consolidated.*" On the trial of the consolidated case, Moll recovered judgment for less than five dollars. The costs accruing after the offer to confess judgment were $199.25. These costs accrued in the case of Moll v. Cockerell, and in the consolidated case. Ought they to be taxed against Moll? Clearly not. The statute applicable thereto reads:

"If the defendant, any time before trial, offers in writing to allow judgment to be taken against him for a specified sum, the plaintiff may immediately have judgment therefor, with the costs then accrued; but if he do not accept such offer before the trial, and fails to recover in the action a sum equal to the offer, he cannot recover costs accrued after the offer, but costs must be adjudged against him." Gen. Stat., p. 799, § 117.

Neither the letter nor the spirit of this statute requires that these costs be taxed against Moll. Before the letter of the statue applies, there must be a final adjudication in the action in which the offer was made, that the plaintiff is not entitled to recover the amount offered. Here there has been no such adjudication. It has never yet been determined how much Moll ought to recover on the cause of action disclosed in his bill of particulars, or in the single action which he brought, and in which the offer was made. The only semblance of a

determination was in the judgment before the justice, which awarded Moll three times the offer.

Neither does the spirit of the statute permit any such taxation. The idea of the law is, that the wrongdoer, the party who causes the litigation, shall pay the expenses thereof. Hence, when a party recovers judgment, the ordinary rule is that he also recovers his costs, because the judgment is a determination that the party against whom it is rendered is the party in fault, and that through his wrong, whether of omission or commission, the litigation was made necessary. But it is clear that sometimes the litigation is due to the rapacity of the plaintiff, and his efforts to extort unjust amounts from the defendant, and it would be harsh and wrong to compel a defendant who was willing to do right to pay the costs of defending himself against these unjust and extortionate demands. Hence the provision of the statute quoted. It aims to compel a plaintiff who is making both just and unjust demands, and refusing to accept that which he ought, to bear the expense of litigating the unjust demand. It is therefore eminently fair and just. But in the case at bar there were two actions pending, in one of which Cockerell had recovered a judgment, and in the other Moll. Each party therefore was claimant in a separate action. Now Cockerell made no offer to settle both actions, and stop further litigation in them by a judgment in favor of Moll, for even a cent. He was willing to settle Moll's claim and action by a judgment for five dollars, reserving the right to prosecute his own claim and action. But he does not show that Moll was not entitled to more than five dollars on his claim, or that he was making any unjust claim in it. Because the verdict in Moll's favor in the consolidated actions was only five cents, *non constat* that Moll's claim in the separate action was not justly fifteen dollars, as determined by the justice. He does not show therefore that Moll was making any unjust or extortionate demand. On the other hand, as he brought the first suit before the justice, and as on a trial of the joint actions the verdict is against him, it would seem that he is the party

responsible for the entire litigation, and ought justly to bear the whole expense of it.

The judgment will be affirmed.

All the Justices concurring.