Gripton v. Thompson.

---

GEORGE S. GRIPTON v. T. A. THOMPSON.

<div style="float:right">32 367<br>63 757</div>

1. SWINE—*Measure of Damages.* In an action brought under article 7, chapter 105, Comp. Laws, to recover damages for crops destroyed by swine permitted to run at large by their owner, the measure of damages is the value of the crops destroyed in the neighborhood of the place where they were destroyed. In such an action neither the expense of distraining the swine nor exemplary damages can be recovered.

2. VERDICT AND FINDINGS, *Inconsistent.* Where the general verdict and special findings of the jury are inconsistent, the special findings control, and any judgment rendered in the case must be upon such special findings.

*Error from Smith District Court.*

THE opinion states the nature of the action, and the material facts. Trial at the December Term, 1883, and judgment for plaintiff *Thompson.* The defendant *Gripton* brings the case to this court.

*Corn & Myers,* for plaintiff in error.

*Burr & Pattee,* for defendant in error.

The opinion of the court was delivered by

HURD, J.: On the 22d day of November, 1883, Thompson, defendant in error, commenced an action against Gripton, plaintiff in error, before a justice of the peace of Smith county, to recover damages to his crops growing on land in said county, caused by the trespass of the stock of the defendant, between the first day of July, 1883, and the time of bringing suit, claiming to recover therefor the sum of $270.

On the trial the plaintiff recovered judgment for $109 damages, and costs taxed at $91. On the 23d day of November, 1883, the defendant in error commenced a second suit against the plaintiff in error, in a justice's court, stating in his bill of particulars that he was the owner of certain crops growing on land in Smith county, being the same land and crops described in the bill of particulars in the former suit; that during the summer and fall of 1883, the defendant was the owner of certain horses, cattle and hogs, which from April 1st, 1883, to the commencement of this suit, he carelessly, negligently and maliciously permitted to run at large, and thus trespassed upon plaintiff's said land, and ate up and destroyed his crops growing on it; that the stock destroyed a great amount of corn and other crops, and caused the plaintiff great trouble and anxiety in protecting his crops from the ravages of such stock; that on November 22, 1883, he distrained about forty head of hogs belonging to the defendant, and has the same now in his possession; that he has been damaged by such malicious trespass in the sum of $300; that the cost of keeping such hogs is worth $1 per day; that the township in which said damage was done was not exempt from the law prohibiting swine from running at large.

By consent of the parties the case was transferred to the district court of Smith county, to be tried as upon appeal. In the district court the plaintiff below filed an amendment to his

bill of particulars, by stating that when he commenced this action to recover his damages, the act for the regulation of swine running at large, approved February 24, 1872, was in force in . Smith county. The case was tried before the court and a jury, and evidence introduced by the plaintiff of the damages to his crops by the hogs of the defendant between the 1st day of July, 1883, and the time of the commencement of the suit. Defendant introduced the record and judgment in the former suit, showing that the trespasses complained of in this suit were substantially the same trespasses recovered for in the first suit.

The jury, under the instructions of the court, . rendered their verdict as follows :

"We, the jury impaneled and sworn in the above-entitled case, do find from the law and evidence the issues in this case in favor of the plaintiff, and that he ought to recover of the defendant the sum of $77."

And also at the same time, and at the request of the defendant, made the following answers to the following special facts :

"Question 1 : Is plaintiff entitled to recover any sum as exemplary damages? Ans. : Yes.

"Q. 2. If you answer the above question in the affirmative, then how much do you allow him as exemplary damages? A. Seventy-five dollars.

"Q. 3. Did plaintiff prosecute defendant in another action for the damages done to these same premises and crops as described in this case? A. Yes.

"Q. 4. If you answer the above question in the affirmative, then state whether or not the recovery in said former trial included all damages committed by defendant's stock to said crops of plaintiff up to the commencement of said former action? A. Yes.

"Q. 6. How many bushels of corn did defendant's hogs destroy of plaintiff's in the last act of trespass? A. No evidence as to the exact amount.

"Q. 7. What was the market value of said corn in the neighborhood where it was situated? A. Twenty-two cents per bushel.

"Q. 8. What are the elements of damage that plaintiff is entitled to recover? State each separately and value of each.

24 — 32 KAS.

A. Actual and exemplary, $77. The actual damage, $2; exemplary, $75."

The defendant below filed his motion for a new trial, and the court announced in deciding the motion, that unless the plaintiff would remit fifty dollars on the verdict, a new trial would be granted. The plaintiff then and there remitted fifty dollars, and the court overruled the motion and rendered judgment on the verdict for $27, and $99.10 costs. The defendant made his case, which contains all the evidence and proceedings of the court below, and brings the case here by petition in error.

The motion should have been sustained. The general verdict and special findings are inconsistent, and the special findings must control, and must stand as the verdict of the jury, and any judgment rendered must be rendered upon them. (*A. T. & S. F. Rld. Co. v. Plunkett*, 25 Kas. 188; *Tobie v. Comm'rs of Brown County*, 20 id. 14.)

It is evident from the pleadings and proceedings that this case was brought and sought to be maintained under article 7, chapter 105, Comp. Laws, and cannot be maintained under the statute referred to in the amended petition. On the trial the plaintiff below testified that on the 22d day of November, 1883, he took up in his field about forty hogs belonging to the defendant, and over the objection of the defendant the court permitted the plaintiff to answer this question:

"State what trouble and expense you were to in removing the hogs? *Ans.:* About $2. It took five of us about an hour."

Upon this testimony and question and answer, the court instructed the jury as follows:

"That in assessing the actual damage in this case (if any there be), you will assess as such actual damage the amount of grain (if any) destroyed, and the market value of the same in the neighborhood in which it is situated, together with the value of the time of the plaintiff and his employés, if anything, in removing the hogs from the corn field, if they did so remove them."

There is no claim for such services and expenses in the petition, nor demand for judgment on account of them. The

statute under which the suit was prosecuted does not provide or authorize a recovery for such services and expenses, and the admission of the evidence over the objection of the defendant was error, and that part of the instruction above quoted that states the plaintiff was entitled to recover for such services and expenses is erroneous. The statute under consideration provides for compensatory damages only, and the plaintiff could only recover the actual damages sustained by the trespasses of the hogs of the defendant. The measure of damages in suits brought under such statute is the value of the crops destroyed in the neighborhood in which they were destroyed. The instructions of the court to the effect that the plaintiff was entitled to recover exemplary damages are erroneous and calculated to mislead the jury, and it is evident the jury were misled by the instructions given. The defendant requested the court to instruct the jury as follows:

"That if you find for the plaintiff in this case, then you should assess only such damages as the plaintiff has actually sustained; and the measure of damages in this case is the value of the crops destroyed by the defendant's hogs; and the value of the crops destroyed by the defendant's hogs, if any, must be proven by the plaintiff by a preponderance of competent testimony."

The court refused to give this instruction. The instruction substantially states the law, and should have been given.

The general verdict is that the plaintiff is entitled to recover $77, and the special findings show that this amount was made up of two dollars actual damages, evidently for expenses in distraining the hogs, and seventy-five dollars exemplary damages. Neither of these items of damages was recoverable in this suit. By the sixth special finding the jury found that all damage done to the crops of the plaintiff was recovered for in the former suit. This finding is in effect that the defendant is innocent of the charges of malice brought against him; still the jury find that he should be subjected to exemplary damages in the sum of seventy-five dollars. There was no evidence given on the trial that warrants the finding of ex-

emplary damages in any amount, even if the action had been one in which such damages were recoverable.

The judgment is reversed, and the cause remanded with instructions to the court below to sustain the motion for a new trial.

All the Justices concurring.