No. 19,859.

F. B. HAZELWOOD, *Appellant*, v. J. F. MENDENHALL, *Appellee*.

SYLLABUS BY THE COURT.

1. PUNITIVE DAMAGES AS BASIS OF APPEAL—*Herd Law.* A contention that punitive damages should be allowed in an action under the herd law of 1874 denied, but held not to be too frivolous to be made the basis of an appeal.

2. TRIAL—*Justice of Peace—Offer to Confess Judgment—Costs.* Where in an action before a justice of the peace the defendant, who at the time has not filed a bill of particulars or otherwise indicated an intention to rely upon a set-off, offers to confess judgment for a stated amount, such offer is to be interpreted, in the absence of some special

reason to the contrary, as one to accept a liability for the amount indicated with respect to the claim sued upon. And if, after other costs have accrued, the defendant asserts a cross-demand not connected in any way with the original cause of action, and makes no offer to confess judgment for the amount named, over and above his set-off, he is chargeable with the costs of the trial if the plaintiff is awarded a larger sum on his original claim than that for which the defendant offered to confess judgment, although the set-off allowed the defendant may reduce the judgment below that amount.

Appeal from Gove district court; JACOB C. RUPPENTHAL, judge. Opinion filed January 8, 1916. Modified.

*John R. Parsons,* of Quinter, and *Arch L. Taylor,* of Russell, for the appellant.

*R. H. Thompson,* of Gove, *Lee Monroe, James A. McClure,* and *C. M. Monroe,* all of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: F. B. Hazelwood sued J. F. Mendenhall on account of injury done to his crops by cattle which were allowed to run at large in violation of the herd law. He recovered a less amount than he asked, and appeals.

(1) The defendant maintains that the case should be dismissed for want of jurisdiction on the ground that less than one hundred dollars is involved. The plaintiff asked for $150 as actual damages, and $150 as punitive damages and attorney's fee. His loss was assessed at $45, against which the defendant was allowed a set-off of $15, judgment being rendered for $30. On the face of the record, therefore, more than $100 is involved. But the defendant urges that while the plaintiff formally asks a reversal on account of two trial rulings, the assignments of error in this respect are frivolous, and were manifestly made merely in order to give this court jurisdiction on appeal, for the purpose of obtaining a review of the order of the trial court with regard to costs. One complaint made is of the refusal to allow punitive damages. It has been held that in an action under the herd law of 1872 (Gen. Stat. 1909, § 9179), relating to swine, punitive damages can not be recovered. (*Gripton v. Thompson,* 32 Kan. 367, 4 Pac. 698.) That statute is not entirely similar to the one

here involved, the violation of which is made a public offense (Gen. Stat. 1909, § 9189). The case referred to appears not to have been followed or cited on this point, and in the opinion the right of recovery is treated as created by the act of the legislature, while it might have been argued that in this respect the statute merely restored the common law, as has been said of the enactment of 1872. (Gen. Stat. 1909, § 9179; *Railway Co. v. Olden,* 72 Kan. 110, 83 Pac. 25.) The question being one of statutory interpretation the ruling already made is not to be lightly disturbed, and we adhere to it and apply it to the case before us; but we can not regard the plaintiff's contention as frivolous.

Complaint is made of the rejection of evidence of statements of an employee of the defendant. They are not shown to have been made in the course of his employment, and no error is apparent in that connection.

(2) The question of the proper taxation of costs is affected by a somewhat peculiar situation. The plaintiff began his action before a justice of the peace, on December 27, 1913. Five days later the defendant offered to confess judgment for $20. On January 7, 1914, the plaintiff filed an amended bill of particulars, which described his losses as having occurred during December, 1913. On January 27, 1914, the defendant filed a bill of particulars asking judgment for $30 upon an account against the plaintiff which the defendant had purchased on December 25, 1913. The plaintiff recovered a judgment for $45, and the defendant appealed. The case was tried in the district court without new pleadings. The jury found that the plaintiff had suffered injury to the extent of $45, and that he owed $15 on the set-off. Judgment was accordingly rendered for $30. The damages allowed to the plaintiff included $10 on account of losses sustained in December, after the action was begun, and $5 on account of an item that, although based on an occurrence in June, 1913, was mentioned for the first time during the examination of a witness in rebuttal. The defendant maintains that these two items, not having been in contemplation when the offer to confess judgment was made, should be disregarded in determining the effect of that offer upon the taxing of costs. On this theory (the recovery outside of those items being less than the amount for which the defendant had offered to confess judgment) judgment was

Hazelwood v. Mendenhall.

rendered against the plaintiff for all costs (amounting to $275) that accrued after the offer, and of this he complains. Assuming without deciding that justice requires the two items referred to to be disregarded so far as relates to their effect upon the costs, the matter is affected by another consideration of a somewhat similar character. At the time he offered to confess judgment for $20 the defendant had purchased the claim against the plaintiff, which the jury found to amount to $15, but he had not asserted it in this action. True, he had not been required to file a bill of particulars, and in the absence of a demand he was at liberty not to do so. But as the matter stood when the offer to confess judgment was made he was under no obligation to interpose the account in that action, nor was there anything to advise the plaintiff that the defendant had bought his claim against him. The offer was fairly to be interpreted as one to accept liability for $20 with respect to the claim for damages sued upon. If it had been at once accepted, and judgment had been entered accordingly, the result would have been an adjudication that the plaintiff had been injured to the extent of only $20, whereas, the jury found he had suffered loss to the amount of $30. No offer was ever made in so many words to confess judgment for $20 besides canceling the purchased account. What the effect would have been if the plaintiff had signified a willingness to accept the offer, after the cross-demand had been asserted, need not be considered. That situation would have been complicated by the fact that in the meantime other costs had accrued.

Upon substantially the reasoning employed in *Cockerell v. Moll,* 18 Kan. 154, the plaintiff should have been allowed to recover his costs. He was within the letter of the statute (Jus. Civ. Code, § 117) because he recovered an amount greater than that for which the defendant offered to confess judgment, and he was within the spirit of it because he was allowed, and in effect recovered, upon the very claim he was asserting, a greater amount than had been offered him with respect to that particular demand. The production of the purchased account was in effect a subsequent application of it in part payment of the plaintiff's claim.

The judgment is modified in accordance with what has been said, and the cause is remanded with directions to allow the plaintiff to recover his costs.