Points Decided.

(May 27, 1924.)

WILLIAM MAHAFFEY, Respondent, v. CHARLES A. CARLSON, STEPHEN A. MAHAFFEY, Jr., WILLIAM CARPENTER, R. E. ELLIOTT and WILLIAM M. BROWN, Appellants.

[228 Pac. 793.]

WATERS AND WATER RIGHTS—DITCHES—REPAIR AND MAINTENANCE—FLOODING—INJURY TO CROPS—MEASURE OF DAMAGES—CONFLICTING EVIDENCE.

1. Where the ditches of A. and B. intersect and A. when constructing his ditch eliminated B.'s ditch for the time being and thereafter constructed a flume to take the place of the part of B.'s ditch eliminated, and no agreement is had as to the maintenance and repair of such flume, A. is required, under C. S., secs. 5653 and 5657, to carefully keep and maintain such flume in good repair and condition, and upon failure to do so is liable for any damages that may be occasioned on account of the defective condition of the flume.

2. Evidence examined and *held* to be sufficient to justify verdict in first cause of action.

3. Where the evidence is conflicting but there is sufficient competent evidence, if uncontradicted, to support the verdict of the jury, the same will not be disturbed by this court.

4. The correct measure of damages for the destruction of a growing crop by flooding is the value of the crop in its condition at the time and place it was destroyed, and, if only injured, is the difference in value before and after the injury.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. Ralph W. Adair, Judge.

Action for damages for failure to properly maintain ditch and for injury and destruction of crops by flooding land. Judgment for plaintiff. *Affirmed* as to action for failure to maintain ditch. *Reversed* as to action for injury and destruction of crops and new trial ordered.

Publisher's Note.

Measure of damages for loss or injury to growing crops, see notes in 140 Am. St. 310; 6 Ann. Cas. 949; 12 Ann. Cas. 782.

Whitcomb, Cowen & Clark, for Appellants.

Plaintiff Mahaffey, when purchasing land and ditch from his predecessor in interest, W. B. Pyeatt, received title thereto subject to the servitude of defendants' ditch, as it then existed, and the dominant title of the defendants. (9 R. C. L., pp. 795, note 13, 802–806; 9 Cal. Jur. 956, sec. 10; *Bennett v. Booth,* 70 W. Va. 264, 73 S. E. 909, 39 L. R. A., N. S., 618.)

Plaintiff had full knowledge of the existence of the crossing of the respective ditches at the time he purchased from W. B. Pyeatt. (*Rollo v. Nelson,* 34 Utah, 116, 96 Pac. 263, 26 L. R. A., N. S., 315.)

Plaintiff's complaint contains no allegation to the effect that it was defendants' duty to maintain and keep in proper repair plaintiff's flume and ditch. (*City of Bellevue v. Daly,* 14 Ida. 545, 125 Am. St. 179, 14 Ann. Cas. 1136, 94 Pac. 1036, 15 L. R. A., N. S., 992, and note.)

L. E. Glennon, for Respondent.

"An appellate court will not disturb the verdict of the jury or the judgment of the trial court because of conflict in the evidence when there is sufficient proof, if uncontradicted, to sustain it." (*Fleming v. Benson,* 32 Ida. 104, 178 Pac. 482; C. S., sec. 7170; *Fritcher v. Kelley,* 34 Ida. 471, 201 Pac. 1037; *Harvey v. Brett,* 36 Ida. 126, 209 Pac. 209; *McKean v. Twin Falls Canal Co.,* 37 Ida. 241, 215 Pac. 851.)

"Where a ditch crosses another ditch, the later comer must so construct a crossing that it will not interfere with the prior ditch." (Kinney on Irrigation and Water Rights, sec. 990, p. 1750; *Jennison v. Kirk,* 98 U. S. 453, 25 L. ed. 240, 4 Morrison, Min. Rep. 504; *Hotchkiss v. Young,* 42 Or. 446, 71 Pac. 324; C. S., sec. 5653.)

"The ditch owner is in duty bound to keep the ditch or canal in such repair as will prevent unnecessary injury to the land of the owner or to others interested in the land, or in the distribution of the water from the ditch." (Kinney on Irrigation and Water Rights, sec. 993, pp. 1757, 1758.)

The owner of a ditch "is bound to keep it in good repair, so that the water will not break through or overflow its banks, and destroy or damage the lands of other parties." (*Richardson v. Kier,* 37 Cal. 263, 91 Am. Dec. 681, 4 Morrison, Min. Rep. 612; *Board of Regents etc. v. Hutchinson,* 46 Or. 57, 78 Pac. 1028; C. S., sec. 5657; *Hoffman v. Tuolumne etc. Co.,* 10 Cal. 413; *Wolf v. St. Louis etc. Co.,* 10 Cal. 541, 10 Morrison, Min. Rep. 636; *Ware v. Walker,* 70 Cal. 591, 12 Pac. 475; *Joseph v. Ager,* 108 Cal. 517, 41 Pac. 422; *Hargrave v. Cook,* 108 Cal. 72, 41 Pac. 18, 30 L. R. A. 390.)

BUDGE, J.—This action was commenced by respondent against appellants to recover damages and for an injunction. The complaint sets forth three separate causes of action. There are, however, but two causes of action involved in this appeal, to which attention will be hereafter called, but no reference will be made to the third cause of action which is for injunctive relief for the reason that the same was abandoned.

From the record it appears that respondent's predecessor in interest constructed a ditch for the purpose of conducting water and through which water was carried from Lemhi River to and upon his land. Thereafter appellants constructed a ditch for the purpose of conducting water and through which water was conducted from Lemhi River to and upon their respective lands, at a point below the intake of respondent's ditch. These two ditches intersected before reaching respondent's premises. During the construction of appellants' ditch at the point of intersection respondent's ditch was eliminated but as soon as appellants' ditch was completed a flume was constructed by appellants across their ditch to carry the water flowing in respondent's ditch, such flume taking the place of the part of respondent's ditch which was eliminated. After the flume was so constructed respondent's predecessor in interest accepted the same in its then condition. Nothing was said at the time of the construction of the flume as to who should have the burden of its upkeep and maintenance. In his first cause of

action respondent alleges that on or about May 25, 1920, the ditch belonging to appellants was so badly and negligently constructed and managed and the waters therein so negligently and carelessly handled as to cause the bank of respondent's ditch to give way and so damaged respondent's ditch that the water could not be conveyed through the same, thereby depriving him of the use of the ditch for a considerable period of time and making it necessary for him to go to great trouble and expense in repairing the ditch and in placing the same in condition that it could again be used for the purpose for which it was intended and for which it had theretofore been used. From the record it appears that respondent requested appellants to extend the flume and repair the ditch. This they refused to do, claiming that they owed no duty to respondent to keep the flume in proper repair. Upon his first cause of action respondent sought to recover the sum of $100 for damages sustained in this respect. By the verdict of the jury he was awarded damages in the sum of $60 for the necessary outlay in the purchasing of material and cost of labor in extending and reconstructing the flume.

In his second cause of action respondent seeks to recover damages sustained by reason of a break in appellants' ditch which resulted in the waters flowing therefrom in and upon his lands and thereby causing damages to a seed pea crop which was then growing upon a portion of his premises. Respondent alleges that appellants negligently allowed an excessive head of water to flow into their ditch and filled the same beyond its carrying capacity and negligently and carelessly permitted the water flowing in their ditch to flow over the banks thereof and on to his land and negligently and carelessly allowed said water to flood his lands upon which his pea crop was then growing, thereby entirely destroying about five acres of his pea crop and so injuring the remainder that the yield therefrom was greatly lessened to his damage in the sum of $800. Upon his second cause of action he was awarded a verdict by the jury for the sum of $429.16⅔. From the judgment entered upon the verdict

and from an order denying a motion for a new trial this appeal is prosecuted.

Numerous errors are assigned relating to the action of the court in denying the motion for a new trial. The specifications of error are as follows: (1) That the court erred in denying and overruling appellants' motion for a new trial. (2) Excessive damages given under the influence of passion and prejudice. (3) Refusal of the jury to be governed by Instruction No. 10 given by the court. (4) Error of the court in giving Instruction No. 10. (5) Error of the court in giving Instruction No. 15. (6) and (7) Error of the court in refusing to give certain instructions. (8) Insufficiency of the evidence to justify any verdict for damages under the first cause of action. (9) Error of the court in refusing to permit defendants to amend their answer during the trial to conform to the facts. (10) Insufficiency of the evidence to justify a verdict for the plaintiff in the sum of $429.16⅔ upon the second cause of action. (11) Failure of plaintiffs to allege any duty of defendants to maintain and keep in proper repair plaintiff's flume and ditch.

We shall notice only such assignments of error as we deem material. It is insisted under the second and third assignment of error that the jury in totally disregarding Instruction No. 10 were so prejudiced that they awarded to respondent damages in excess of what he was entitled to recover by reason of the construction of the flume as alleged in his first cause of action. Appellants take the position that there is no testimony in the record that supports or even tends to support the theory that appellants were under obligation or owed a duty to respondent to keep the flume in proper repair. C. S., sec. 5653, provides as follows:

"Any person, company or corporation, owners of any ditch, flume or other conduit, cannot lawfully deny to any other person, company or corporation the right to cross their right of way with another ditch, flume, or conduit either upon a higher or lower level, where the same can be done in a convenient and safe manner; Provided, That such sec-

ond person, company or corporation shall be liable for all damages that may accrue from the construction of such ditch, flume or other conduit across the conduit of another."

C. S., sec. 5657, provides that:

"The owners or constructors of ditches, canals, works or other aqueducts, and their successors in interest, using and employing the same to convey the waters of any stream or spring, whether the said ditches, canals, works or aqueducts be upon the lands owned or claimed by them, or upon other lands, must carefully keep and maintain the same, and the embankments, flumes or other conduits, by which such waters are or may be conducted, in good repair and condition, so as not to damage or in any way injure the property or premises of others."

Instruction No. 10 complained of is as follows:

"You are instructed that before the jury can find in favor of the plaintiff upon the first cause of action alleged in his complaint, the jury must be convinced by a preponderance of the evidence in this case that the defendants assumed the duty of keeping the plaintiff's flume and ditch in repair at and near the point of the crossing of the defendants' ditch by the plaintiff's ditch, and if he has failed to do so in this case, the verdict of the jury should be in favor of the defendants."

Under the provisions of the statute above quoted the duty of appellants, after receiving permission to construct a flume across their ditch in lieu of the ditch that was theretofore constructed, was to carefully keep and maintain the flume in good repair and condition so as not to damage or in any way injure respondent's property, otherwise they became liable, by virtue of the provisions of the statute last quoted, for all damages that might accrue by their failure so to do. The instruction complained of, while it does not correctly state the rule of law to be applied to the facts in this case, was favorable to appellants, which being true, they have no cause for complaint, either in the action of the court in giving the instruction or in the alleged refusal of the jury to be governed thereby.

There is no merit in appellants' contention that the court erred in refusing to give the instructions set out in the sixth and seventh specifications of error in view of C. S. secs. 5653 and 5657, *supra.*

The evidence was clearly sufficient to justify the verdict of the jury as to the first cause of action.

Coming now to the second cause of action it is first contended that the evidence is insufficient to justify the verdict in the sum found by the jury and the particulars wherein the evidence is insufficient are sought to be set out in appellants' brief. Without discussing in detail the evidence in support of respondent's claim for damages, it is clear that there is sufficient competent evidence to uphold the verdict, provided the court properly instructed the jury as to the measure of damages. It is established by respondent's evidence that the ditch of appellants broke at the time alleged in the complaint and by reason thereof a large volume of water escaped therefrom and destroyed in part and injured in part, a portion of respondent's pea crop. Whether this was the result of the negligent and careless handling of the water in appellants' ditch by allowing more water to flow therein than the ditch. would carry or by reason of the negligent or careless operation and maintenance of said ditch were questions of fact properly submitted to the jury and where, as in this case, the evidence is conflicting but there is sufficient competent evidence, if uncontradicted, to support the verdict, the same will not be disturbed by this court. (*Fritcher v. Kelley,* 34 Ida. 471, 201 Pac. 1037.) However, touching the measure of damages as to the second cause of action, the court gave Instruction No. 15, which is clearly erroneous, the same being as follows:

"The court instructs the jury that in case you find for plaintiff the measure of damages in this case would be the difference between the crop actually raised upon the land in question and the crop which should have been raised upon land similar in character under normal conditions for the year in question, at the contract price, less the cost of

harvesting and marketing such additional portion of the crop.''

It is conceded by respondent in his brief that the foregoing instruction does not correctly state the law in that the court erred in making reference in the instruction to land similar in character instead of referring to the specific land involved. At the time the pea crop was injured or destroyed there was a fixed market price by contract, which was not denied. Under the facts of this case the correct measure of damages for the destruction of a growing crop by flooding is the value of the crop in its condition at the time and place it was destroyed; in other words, at the contract price less the cost of harvesting and marketing, and, if only injured, it is the difference in value before and after the injury. (*Sayers v. Missouri Pac. Ry. Co.*, 82 Kan. 123, 107 Pac. 641, 27 L. R. A., N. S., 168; *Risse v. Collins*, 12 Ida. 689, 87 Pac. 1006; *Kellar v. Sproat*, 35 Ida. 273, 205 Pac. 894; *Colorado Consolidated Land & Water Co. v. Hartman*, 5 Colo. App. 150, 38 Pac. 62; *Teller v. Bay & River Dredging Co.*, 151 Cal. 209, 12 Ann. Cas. 779, 90 Pac. 942, 12 L. R. A., N. S., 267; *Dennis v. Crocker-Huffman Land & Water Co.*, 6 Cal. App. 58, 91 Pac. 425; *Gripton v. Thompson*, 32 Kan. 367, 4 Pac. 698; *Chicago, R. I. & P. Ry. Co. v. Johnson*, 25 Okl. 760, 107 Pac. 662, 27 L. R. A., N. S., 879; *Cleary v. Shand*, 48 Utah, 640, 161 Pac. 453; 17 Corpus Juris, p. 887, sec. 190.) It follows that the verdict of the jury cannot be sustained in view of this erroneous instruction, inasmuch as there are no other instructions in the record that cure this error.

Upon the first cause of action the judgment of the lower court should be affirmed but the judgment upon the second cause of action must be reversed and remanded for a new trial, and it is so ordered, each party to the action to pay his own costs.

McCarthy, C. J., and William A. Lee, J., concur.

Petition for rehearing denied.