(December 6, 1926.)

## EDWIN L. CALL and LOUISE J. CALL, Appellants, v. OTIS E. COINER, Respondent.

[251 Pac. 617.]

OWNERSHIP IN IRRIGATION DITCH—INJUNCTIVE RELIEF—PLEADING—EVIDENCE — INSTALATION OF MEASURING DEVICE — MEASURE OF DAMAGES TO GROWING CROPS.

1. Plaintiffs claiming to be owners of irrigation ditch and seeking injunctive relief against defendant's use thereof had burden of establishing in themselves exclusive ownership and right to possession.

2. Evidence *held* to warrant finding the plaintiffs were not entitled to exclusive ownership of irrigation ditch, irrespective of defendant's interest therein, justifying refusal to perpetually enjoin defendant's use.

3. Where defendant did not plead adverse possession as to irrigation ditch nor introduce any evidence of instrument in writing to support alleged title by purchase, finding that defendant was co-owner in ditch was erroneous.

4. Trial court properly ordered instalation of device to measure waters which plaintiffs and defendant were accustomed to use, after finding of limited vested right in plaintiff, and legal possession in defendant.

5.  Measure of damages for injury to growing crops is difference in value of crops before and after injury.

6.  In absence of evidence as to extent of injury to growing crops, jury properly awarded nominal damages.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County.  Hon. Ralph W. Adair, Judge.

Action for injunctive relief and damages.  Injunctions denied and judgment for plaintiffs in the sum of one dollar. *Affirmed.*

Whitcomb, Cowen & Clark and John H. Padgham, for Appellants.

Adverse possession must be specially pleaded.  (1 R. C. L. 686, note 6; *Coleman v. Hines,* 24 Utah, 360, 67 Pac. 1122, 15 L. R. A., N. S., 1189, note V; *Miller v. Donovan,* 11 Ida. 545, 83 Pac. 608.)

The burden of proof is upon the defendant to prove the allegations contained in his affirmative defense setting up title by prescription.  (*American Co. v. Bradford,* 27 Cal. 360; *Evans v. Welch,* 29 Colo. 355, 68 Pac. 776; *Strong v. Baldwin,* 137 Cal. 432, 70 Pac. 288.)

Using a ditch that is an appurtenance to the water right at times or in manner so as not to interfere with plaintiff's right would not constitute adverse use.  (1 Wiel on Water Rights, 484, sec. 456; *Hall v. Blackman,* 8 Ida. 272, 68 Pac. 19; *Brossard v. Morgan,* 7 Ida. 215, 61 Pac. 1031; *Pence v. Shivers,* 40 Ida. 181, 232 Pac. 568; *Talbott v. Butte City Water Co.,* 29 Mont. 17, 73 Pac. 1111.)

Mere possession initiates no title, and does not constitute even *prima facie* evidence of title.  (*Breon v. Robrecht,*

Publisher's Note.

4.  See 27 R. C. L. 1247.

5.  See 8 R. C. L. 380.

6.  See 8 R. C. L. 426.

See Damages, 17 C. J., sec. 59, p. 721, n. 56; sec. 190, p. 888, n. 23. Waters, 40 Cyc., p. 733, n. 22; p. 734, n. 32; p. 735, n. 43.

118 Cal. 469, 62 Am. St. 247, 50 Pac. 689, 51 Pac. 33; *Dothard v. Denson,* 72 Ala. 541; *Normant v. Eureka Co.,* 98 Ala. 181, 39 Am. St. 45, 12 So. 454; *Rae v. Miller,* 99 Iowa, 650, 68 N. W. 899; *Smeberg v. Cunningham,* 96 Mich. 378, 35 Am. St. 613, 56 N. W. 73, 15 L. R. A., N. S., 1226, note b.)

L. E. Glennon, for Respondent.

"In an action to quiet title the burden rests upon the plaintiff to show title in himself, and if he fails to make out a case he is not entitled to recover." (Sutherland, Code Plead., Prac. & Forms, sec. 6207; *Winter v. McMillan,* 87 Cal. 256, 22 Am. St. 243, 25 Pac. 407; *Heney v. Pesoli,* 109 Cal. 53, 41 Pac. 819; *Head v. Fordyce,* 17 Cal. 149; *Keller v. McGilliard,* 5 Cal. App. 395, 90 Pac. 483; *Shelton Logging Co. v. Gosser,* 26 Wash. 126, 66 Pac. 151.)

"A party's right is limited to the object for which it was acquired, and another party may acquire another right for similar or other purposes, not conflicting with the prior right." (Sutherland, Code Plead., Prac. & Forms, sec. 6201; *Hoffman v. Stone,* 7 Cal. 46; *O'Keiffe v. Cunningham,* 9 Cal. 589; *Nevada County & Sac. Canal Co. v. Kidd,* 37 Cal. 282.)

"A decree quieting title cannot be given where no conflict of claim is shown." (Sutherland, Code Plead., Prac. & Forms, sec. 6255; *Mason v. Long,* 49 Wash. 18, 94 Pac. 646.)

"The measure of damages for the destruction of a growing crop is the value of the crop at the time it was destroyed." (*Kingsbury v. Bacon,* 38 Ida. 701, 224 Pac. 438.)

"And, if only injured, is the difference in value before and after the injury." (*Mahaffey v. Carlson,* 39 Ida. 162, 228 Pac. 793.)

"Nominal damages are recoverable for a breach of contract where there is no proof of actual damage." (*O. A. Olin Co. v. Lambach,* 35 Ida. 767, 209 Pac. 277.)

T. BAILEY LEE, J.—Plaintiffs, claiming to be the owners of a certain ditch employed for the irrigation of their

lands, complained that the defendant was wrongfully and without right therein dumping into the south fork of said ditch irrigation waters of his own, conveying them some distance therethrough, taking out more water than he put in, and generally embarrassing plaintiffs' operations by crowding them out of their own ditch, and preventing them from maintaining a sufficient water head. They sued for an injunction perpetually restraining defendant from using such ditch, and through a second cause of action sought damages suffered from the alleged flooding of their land and crops by defendant. The defendant substantially denied plaintiffs' allegations and affirmatively plead that the ditch in question had been originally constructed for irrigating lands exclusive of any of plaintiffs', and that he and his predecessor in interest had used it continuously every irrigation season since the year 1914, openly, notoriously and without let or hindrance from anyone. He filed no cross-complaint, and simply prayed that plaintiffs recover nothing and that the complaint be dismissed.

The cause was tried before the court and judgment and decree were entered in plaintiffs' favor awarding them $54 damages, and the injunctive relief prayed for. Later, a new trial having been granted defendant, it was stipulated that the evidence taken at the former trial should be considered by the court in the determination of the first cause of action, some new testimony was introduced in support thereof, and the issue of damages was submitted to a jury. A verdict of one dollar was returned against defendant, and the court found that plaintiffs had no right to use said ditch to the exclusion of defendant, but that plaintiffs and defendant were joint and several owners therein, each entitled to convey therethrough waters for the irrigation of their respective lands. The court further found that for more than five years prior to the commencement of the action, the defendant had used the ditch under a claim of right, openly, notoriously and adverse to plaintiffs. Judgment was entered in conformity, ordering the parties to instal a measuring device, enjoining each from interfering with the complete

enjoyment of the other's respective rights in the ditch, enjoining defendant from interfering with plaintiffs' diversion of waste water from defendant's land, and directing the respective parties to pay their own costs except defendant's costs in the second trial, which were to be taxed to plaintiffs.

[1] Plaintiffs appealed and assigned divers specifications of error, many of which were immaterial to a final determination. Defendant having filed no cross-complaint praying affirmative relief, the primary matter to be considered is whether or not plaintiffs have sustained the allegations of their complaint. The burden was upon them to establish in themselves the exclusive ownership and right to possession. To do this they introduced certain deeds conveying them their lands "together with all . . . . water rights, ditches and the improvements erected upon said lands belonging thereto, or used in connection therewith." No evidence was introduced to show that the original grantors were the sole and exclusive owners of the ditch conveyed. On the contrary, the evidence showed that the portion of the ditch in question was not originally constructed for plaintiffs' lands but was employed for irrigating wholly other lands, including a part of defendant's. There was substantial evidence that since its construction, both prior to and since the coming of plaintiffs into the country, the ditch had customarily been used for different tracts, some of the former users having abandoned their rights in it and made new ditches. Plaintiffs' witness, Schwartz, testified that defendant's land had been irrigated through it for nine or ten years. Defendant's witness, Will Barnett, testified that one Hagle had first used the south fork of the ditch to water part of the land now occupied by defendant, and that such land had been so irrigated for over fifteen years. Arthur Barnett, another defendant's witness, swore that prior to plaintiffs' advent he owned a squatter's right in a part of defendant's present holdings and was irrigating by means of this particular ditch which he says he enlarged after its having been "put on there by Hagle ahead of me."

Plaintiff Call admits that defendant and his predecessor had used this fork ever since 1914 but insists that he gave them permission. This latter is denied.

[2] Upon such evidence the trial court was warranted in finding that the plaintiffs were not entitled to the exclusive ownership of the ditch, irrespective of what interest the defendant might or might not have. Therefore, the refusal to perpetually enjoin defendant from any use of the ditch was proper.

[3] Since there was no proper pleading of adverse possession to the first cause of action nor any evidence of an instrument in writing to support defendant's alleged title by purchase, the finding that defendant was a co-owner in said ditch was erroneous.

[4] However, to the extent that it did not interfere with the enjoyment of plaintiff's limited rights, defendant's actual user was lawful. The ditch carries from 300 to 350 inches of water. There was no testimony establishing the amounts of water required by the respective parties. Apparently, since there was no trouble until 1920, the capacity was sufficient for all. The spectacle presented the court was about as follows: All parties were scrambling in the ditch; on the one side a limited vested right; on the other a limited, naked, yet not illegal possession; no measuring-rod available. The court did the only practicable thing that could be done when he ordered the instalation of a device to measure the volumes that they were accustomed to use, and imposed upon them the reciprocal restraints above mentioned.

In the second cause of action, plaintiffs plead that defendant had "wilfully, carelessly and negligently and unlawfully permitted his waste waters to run off of and from his said lands, on to and upon a portion of the lands of the plaintiffs, thereby injuring the growing crops and vegetation upon the said lands of plaintiffs, and converting about one acre thereof into swamp and quagmire to the damage and injury of the plaintiffs in the sum of two hundred dollars ($200)."

Upon issue joined, it appeared that the swamp area was upon government land, and a consideration of the

damage alleged was therefore restricted to the injuries to the crops and vegetation growing during the year 1920.

[5] Plaintiffs had not pleaded destruction but only injury. The measure of such damages has been declared by this court to be the difference in value of the crops before and after the injury. (*Mahaffey v. Carlson,* 39 Ida. 162, 228 Pac. 793.) There is no word in the record fixing or tending to fix the value of the crop after flooding. Plaintiff Call testified: "Well, the crop wasn't destroyed for that year, of course it was damaged but the crops was pretty near made when the damage was done for that year but it was all turned yellow and spoiled. This hay I had cut was flooded and spoiled but the next year the crop was entirely gone."

[6] And it was to this ultimate loss of the alfalfa stand, a separate damage never plead, and not the value of the crop harvested after injury, that all the evidence was directed. Whether or not such evidence is in itself incompetent is wholly immaterial. Plaintiff Call had positively stated that the 1920 crop had been spoiled but not destroyed. As to the extent of spoliation, he was silent. The jury had either to guess blindly or award nominal damages, which latter they logically did. The judgment is affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.