203 P.2d 376

**BOLEN v. BAKER.**

No. 7390.

Supreme Court of Idaho.

Feb. 23, 1949.

94

Earl E. Garrity, of Nampa, for respondent.

Marshall Chapman (deceased) and Lawrence B. Quinn, both of Twin Falls, and Dunlap & Dunlap, of Caldwell, for appellant.

PORTER, Justice.

The facts in this case disclosed by the transcript are substantially as follows: The appellant and Karl W. Baker, deceased, came from Minnesota to Canyon County, Idaho, in the fall of 1916. During World War I they went to Seattle, Washington, and worked in the shipyards. While in Seattle, Baker was married to the respondent, Lettie May Baker. Upon completion of their work in the shipyards, they returned to Canyon County. The appellant made his home from time to time with Mr. and Mrs. Baker, sometimes, and sometimes

not, paying board. Baker became engaged in the sand and gravel business, owning and operating several trucks.

In the spring of 1936, the appellant was staying at the home of Mr. and Mrs. Baker, recuperating from an illness. On the first day of May, 1936, he became employed by Mr. Baker as bookkeeper at the wage of Fifteen Dollars per week. One Joe E. DeLain was the owner of a truck and was also employed at the time by Mr. Baker in the gravel business.

DeLain as a witness testified that sometime thereafter Baker and DeLain operating as a partnership, commenced to work and develop a certain gravel bed in Canyon County. That appellant also did some work on the property as an employee of the partnership. That thereafter Baker and DeLain decided to file a placer mining claim on the property; and that it was arranged that Bolen and DeLain should go to Caldwell to make the filing. The respondent, Mrs. Baker, after testifying that the three men had a conversation at her home the day the placer claim was filed, testified as follows:

"Q. (By Mr. Garrity) When and *were* did the conversations take place, and if there were conversations, what was the nature of the conversations. * * * A. There were. The conversations *was* at the dinner table when they all came in for lunch, and my husband said to me, he said the boys are going to go to Caldwell and file a placer claim this afternoon. He also said —I said, aren't you going, you and Joe DeLain, and he said, No, Bill is going to file for me. He said I have a lot of work to do to set up machinery this afternoon, and after we left the dinner table—that was the conversation they were having at the dinner table, and as soon as we left the dinner table they got ready to go and he said to me, get the money and give the boys the money to go and file the claim, and I went and got a five dollar bill and handed it to Mr. Bolen to file the claim.

\* \* \* \* \* \*

"Q. (By Mr. Garrity) Then what happened, Mrs Baker. A. Well, Mr. Baker went back out to the claim, went to work and Mr. Bolen and Mr. DeLain got into Mr. Bolen's car and went to file the claim. I didn't see anything more of them until they came in that night for supper." (Folios 52–55.)

On July 1, 1936, a placer mining location notice was filed with the Recorder of Canyon County wherein the locators set out that on June 17, 1936, they discovered, and on June 18, 1936, located the Hilltop Placer comprising the Northeast Quarter of the Northeast Quarter (NE¼ NE¼) of Section Twenty-seven (27) tw 3W 3N in Canyon County, Idaho, consisting of forty acres. The location notice was signed by J. E. DeLain and Wm. A. Bolen, Locators and Claimants. Thereafter the claim was developed and Baker and DeLain used the

pit as a source of sand and gravel. The appellant continued his work as bookkeeper being in the employ of the partnership of Baker and DeLain. However, he assisted in putting up the discovery stakes and monuments on the claim and assisted in erecting the bunkers.

It is the contention of the respondents that appellant was acting as the agent for Baker in filing the location notice and that the filing on the mining claim was for the use and benefit of the partnership of Baker and DeLain. The appellant testified and contends that the partnership was between DeLain and the appellant, and that the filing was made for their use and benefit, each owning an undivided one-half interest therein. The witness, DeLain, testified that he never was in partnership with the appellant, Bolen, at any time.

On January 1, 1937, DeLain sold all his interest in the claim to Baker. The appellant continued to work for Baker as a bookkeeper until June 14, 1937, when, some trouble having arisen between the parties, he was discharged. He thereupon left the vicinity of Nampa and apparently made his home in Hailey. Thereafter the appellant never did any work on the claim or spent any money thereon or displayed any interest therein. However, he did visit at the Baker home on two or three occasions and may have gone out to the claim with Mr. Baker. Mr. Baker continued to work the claim until the time of his death on June 4, 1945.

In the meantime, on September 27, 1938, Mr. and Mrs. Baker filed a new mining claim called the Lakeview, covering practically the same ground. Mrs. Baker testified that this filing was brought about because the discovery stakes and boundary markers were all down and that Mr. and Mrs. Baker were afraid that a third party would file on the claim.

After the death of Mr. Baker, Mrs. Baker was duly appointed administratrix of his estate. Whereupon the appellant filed a claim for Four Thousand ($4,000) Dollars with the administratrix representing an alleged undivided one-half interest in the profits from said mining claim. Appellant's claim being denied by the administratrix, this action was commenced to quiet title to an undivided one-half interest in and to said mining claim in the appellant and for an accounting.

By the first cause of action in his complaint, the appellant alleges the discovery and location of the Hilltop placer mining claim by Wm. A. Bolen and J.E. DeLain, and the filing of the placer mining location notice by such locators and claimants; and alleges that the appellant at all times has been and now is the owner of an undivided one-half interest in and to such claim. By his second cause of action, the appellant seeks an accounting. The appellant prays that the respondents be required to set forth the nature of their claims; that it be adjudged that the appellant is the owner

of an undivided one-half interest in and to such mining claim; and for an accounting. To the complaint the respondents filed an answer, the same being in effect, a general denial. Respondents did not ask for any affirmative relief.

The cause was tried to the court sitting without a jury. At the trial, by stipulation of the parties, the accounting feature of the case was deferred for later consideration by the court. The appellant placed in evidence an abstract of title showing the location notice of the Hilltop placer mining claim; the bill of sale from J.E. De-Lain to Karl W. Baker; the creditor's claim filed by appellant with the administratrix; and testimony to the effect that the Lakeview placer mining claim covers approximately the same ground as the Hilltop placer mining claim. The appellant then rested his case.

After the appellant rested, the respondents asked the court for permission to amend the answer by setting up an affirmative defense. Over objection by counsel for appellant, the court granted such permission and thereafter an amended answer was filed by the respondents containing the following allegation:

"Defendant further answering plaintiff's first cause of action, and by way of affirmative defense, alleges that the plaintiff herein has been guilty of laches, and his action set out in the first cause of action if any he has, is barred by the statute of limitations thereof."

Thereafter respondents introduced evidence tending to show first, that the appellant was the agent of Karl W. Baker, deceased, in making the filing on the Hilltop placer claim and made such filing for and on behalf of Baker. And second, that appellant if he ever had any interest in such claim, had abandoned the same. The appellant objected to the admission of this evidence on the ground that it was not admissible under the pleadings but such objection was overruled by the court and the evidence received. After the respondents rested, the appellant in rebuttal testified as to his version of the circumstances surrounding the filing and as to his action in connection with the claim both before and after the time that he left the employment of the deceased Baker on June 14, 1937.

The cause was tried on March 5, 1947, and the matter having been finally submitted, the court on June 3, 1947, made and filed his Findings of Fact and Conclusions of Law. The material Findings of Fact so far as the decision of this court is concerned, are Findings of Fact No. II and No. IV. Finding of Fact No. II is as follows:

"In addition thereto the court finds that at the time of the location of the Hilltop Placer Mining claim, the plaintiff was an employee of Karl W. Baker and that from

the date of the location until January 1st, 1937, the plaintiff was an employee of the partnership of Baker & DeLain, and that the plaintiff participated with DeLain in the location of the Hilltop Placer Mining claim as agent of Karl W. Baker and for said Karl W. Baker's use and benefit; that the plaintiff at no time engaged in working the placer mine or the operation thereof, either with Karl W. Baker or with the partnership of Baker & DeLain, excepting as an employee, and that no partnership ever existed between the plaintiff and Karl W. Baker."

And Finding of Fact No. IV is as follows: .

"The Court further finds that the plaintiff abandoned any claim or interest he might theretofore have had in the Hilltop Placer Mining Claim when he left during the month of June, 1937."

These Findings of Fact are not so much inconsistent as they are in the alternative; that it is to say, the court in effect first found that the appellant never had any interest in the mining claim; but if it be thought that he did acquire some interest therein, then he had thereafter abandoned the same. Each of these Findings of Fact, if justifiable, is sufficient to sustain the judgment in this case.

As Conclusions of Law the court held:
"I. That the plaintiff abandoned said claim, together with any right, title or interest therein, in June, 1937."

"II. That the plaintiff has no right, title or interest whatsoever in the Hilltop or Lakeview Placer Mining Claims or in the earnings, rents, issues or profits therefrom."

The court entered Judgment that the appellant take nothing by reason of his complaint and that the respondents recover their costs. From such Judgment the appellant has duly appealed.

Appellant's Assignments of Error Nos. I and II are general in character. Assignment of Error No. III alleges that the court erred in its Finding of Fact No. II "in that said Finding of Fact is *contrary to the evidence,* which shows ownership in the appellant of an undivided one-half interest in and to said premises at all times mentioned in said action, with a right to participate in the rents, issues and profits derived from the operation of said Mining Claim." (Emphasis supplied.) Assignments of Error Nos. IV and V attack Conclusion of Law No. I relative to abandonment. Assignments of Error Nos. VI, VII and VIII are addressed to the court's action in permitting the filing of the amended answer. Assignments Nos. IX and X complain of the court's failure to find that the appellant was the legal owner of an undivided one-half interest in and to the mining claim.

Thus it will be seen that nowhere in the Assignments of Error does the appellant set out as error the action of the trial court in overruling appellant's objections

to the admission of testimony, under a general denial, to the effect that appellant was the agent of the deceased Baker in filing on the Hilltop mining claim and made such filing for the use and benefit of Baker. It is true that under No. II of Points and Authorities, the appellant states:

"The general rule is that in an equitable action all affirmative defenses must be pleaded by cross bill."

An examination of the cases cited thereunder discloses that such authorities either are addressed to situations where affirmative relief is asked, or special defenses such as laches, abandonment or estoppel are sought to be established. They are not in point on the question of whether in an action to quiet title the defendant, under a general denial, in seeking to defeat plaintiff's title, is permitted to show that the plaintiff took legal title as an agent for, and for the use and benefit of, the defendant. Neither is such question discussed in appellant's briefs. Accordingly, we cannot consider the question of whether or not the trial court erred in admitting evidence on this point over the objection of appellant; or, whether such error, if any, misled appellant to his prejudice or deprived him of any substantial right. This Court has consistently followed the rule that it will not review the actions of a District Court which have not been specifically assigned as error. Bicandi v. Boise Payette, Lumber Co., 55 Idaho 543, 44 P.2d 1103, and cases cited. Especially where there are no authorities cited nor argument contained in the briefs upon the question. Coeur D'Alenes Lead Co. v. Kingsbury, 56 Idaho 475, 55 P.2d 1307; Malcolm v. Hanmer, 64 Idaho 66, 127 P.2d 331.

It follows that we must consider all the evidence in the record on this subject introduced by respondents together with the rebuttal evidence thereon introduced by appellant, which appears to be all the evidence available in the matter.

By his Assignment of Error No. III, the appellant urges that the evidence is insufficient to support the court's finding that the appellant filed on the Hilltop placer claim as an agent and for the use and benefit, of the deceased Baker. Appellant's objection goes to the quantum of proof necessary to support such finding. Appellant quotes from the dissenting opinion in Quirk v. Bedal, 42 Idaho 567, 248 P. 447, 449, to the effect that to establish title as a resulting trust by parol, the evidence must be so clear and certain as to leave no well-founded doubt upon the subject, and that merely a preponderance of the evidence is insufficient. However, the correct rule for the guidance of this appellate court is stated in the majority opinion as follows:

"The testimony is conflicting, but there is substantial evidence to support the findings. The court below heard the witnesses, and was in superior position to pass upon their credibility. In conformity with a

long and unbroken line of precedents in this court, the findings of fact will not be disturbed."

See Checketts v. Thompson, 65 Idaho 715, 152 P.2d 585, and cases cited.

The trial court is the appropriate tribunal to weigh the evidence and determine whether it is clear, convincing and satisfactory. Its findings if supported by substantial evidence will not be disturbed. Hagan v. Clyde, 60 Idaho 785, 97 P.2d 400; Gray v. Fraser, 63 Idaho 552, 123 P.2d 711.

The evidence in this case although conflicting, is substantial and persuasive that the appellant was acting as the agent of the deceased Baker in filing on the Hilltop mining claim.

The finding of the trial court that the appellant was acting as the agent of the deceased Baker and that such filing was made for the use and benefit of Baker is sufficient to sustain the judgment against the appellant. Therefore, if the rulings of the trial court in permitting the filing of the amended answer or in permitting the admission of evidence of abandonment, were errors, such errors are immaterial and can have no bearing upon this decision and such rulings need not be discussed herein.

The judgment of the trial court is affirmed. Costs awarded to respondents.

HOLDEN, C. J., GIVENS and HYATT, JJ., and BAKER, District Judge, concur.