**292 P.2d 765**

**Leo PAURLEY and Christine Paurley, husband and wife, Plaintiffs-Respondents,**

**v.**

**Gus W. HARRIS and Belle H. Harris, husband and wife, Defendants-Appellants.**

**No. 8279.**

Supreme Court of Idaho.

Jan. 5, 1956.

Rehearing Denied Feb. 10, 1956.

Fairchild & Fairchild, Boise, for appellants.

Givens, O'Leary, Doane & Givens, Boise, for respondents.

ANDERSON, Justice.

On a prior appeal, this case was reversed and remanded because the trial court struck certain affirmative allegations from defendants' answer and rejected certain offered proofs. Paurley v. Harris, 75 Idaho 112, 268 P.2d 351.

Briefly, the facts as disclosed at the second trial are: Lillian Ferrell, a widow, the owner of lots 1, 2 and 3, block 2, Lovers' Lane Addition to Boise City, Ada County, Idaho, on June 30, 1947, entered into a written agreement with the defendants (appellants) to sell them the north one-half of the above-mentioned property.

About August 4, 1947, defendants took possession, and about September 1, 1947, they erected a tight board fence lying south of the true boundary line which would divide the lots into equal parts. This fence is approximately 8.3 feet south of the true line at the easterly boundary, and 29.9 feet south of it at the westerly boundary. The segment of land between the two lines contains a two-car garage and a cesspool connected to the house on the north side. The defendants testified that Mrs. Ferrell's agent, a Mr. A. P. Hurley, had showed them on June 30, 1947, where the line was and where to put the stakes, and told them the double garage was on their property. This testimony was denied by Mr. Hurley. Appellants further testified that Mrs. Ferrell stated after the fence was constructed that it was the best thing they had ever done.

In 1948, Mrs. Ferrell had a survey made which disclosed that the fence was not on the true dividing line. July 1, 1949, Mrs. Ferrell's attorney wrote a letter to the

defendants, insisting that the true property line be respected and that they remove the fence built south of the property line, and further stating that the property line is north of the two-car garage. The defendant, Gus Harris, testified on direct examination that Mrs. Ferrell had told him, before he received the letter from her attorney, that she was selling him the north half of lots 1, 2 and 3, that it had been surveyed and that they would have to stand on the survey. The time of this statement was not fixed.

March 10, 1950, Mrs. Ferrell entered into a written agreement with plaintiffs (respondents) to sell them the south one-half of the above-described lots. Plaintiff Leo Paurley testified that he saw the fence at the time he agreed to buy the property and expected it to be moved to the true boundary line. There was a house on the north half of the lots and one on the south half, and also a building containing a double and a single garage. The evidence discloses the house on the north half of the lots used a cesspool on the south side of the line during at least part of the time involved in this case, but there is nothing to indicate that the cesspool was in existence on June 30, 1947.

The fence was not removed in compliance with Mrs. Ferrell's request, and this action was brought by plaintiffs for possession of the strip of property in dispute, together with $100 damages for wrongful-ly withholding it. The matter was tried to the court without a jury, and the judgment of ejectment was entered against defendants and for plaintiffs for restitution of the land and for seven cents as nominal damages for the wrongful withholding thereof. Defendants appeal, setting out 14 different specifications of error, most of which concern alleged errors in the findings of fact made by the trial court and in the court's refusing to make certain requested findings proposed by defendants.

■ Defendants contend that the trial court erred in refusing to permit S. D. Fairchild to testify in rebuttal to certain testimony of plaintiffs' witness Hurley by showing inconsistent statements alleged to have been made by Hurley. The court was correct in this ruling, because no foundation had been laid as required by I.C. sec. 9–1210, which provides:

"Impeachment by showing inconsistent statements.—A witness may also be impeached by evidence, that he has made, at other times, statements inconsistent with his present testimony; but before this can be done, the statements must be related to him, with the circumstances of times, places and persons present, and he must be asked whether he made such statements, and if so, allowed to explain them. If the statements be in writing, they must be shown to the

witness before any question is put to him concerning them."

The trial court heard the conflicting testimony heretofore mentioned relative to whether or not there was an agreement fixing the location of the dividing line, and found upon substantial competent evidence that there was no such agreement as contended by defendants. The defendants had the burden of proving their affirmative defense, which included this alleged agreement. 20 Am.Jur., Evidence, sec. 137, p. 142; Southeast Securities Co. v. Christensen, 66 Idaho 233, 158 P.2d 315. A finding of the trial court based upon conflicting evidence will not be disturbed on appeal if supported by substantial evidence. Wright v., Rosebaugh, 46 Idaho 526, 269 P. 98; Bolen v. Baker, 69 Idaho 93, 203 P.2d 376; Howay v. Howay, 74 Idaho 492, 264 P.2d 691; Crouch v. Bischoff, 76 Idaho 216, 280 P.2d 419; Freedman v. Hendershott, Idaho, 290 P.2d 738.

Defendants allege, as a part of their affirmative defense, fraud and mutual mistake, in that the deed described property other than that which they purchased. Defendants had the burden of proving this by clear and convincing evidence. Nelson v. Hudgel, 23 Idaho 327, 130 P. 85; Smith v. Johnson, 47 Idaho 468, 276 P. 320; Nelson v. Hoff, 70 Idaho 354, 218 P.2d 345; Houser v. Austin, 2 Idaho 204, 10 P. 37; Udelavitz v. Ketchen, 33 Idaho 165, 190 P. 1029; Ehlinger v. Washburn-Wilson Seed Co., 51 Idaho 17, 1 P.2d 188. They failed to so prove either fraud or mistake.

On the former appeal, this court stated that it was not holding that acquiescence alone for the period here involved would be sufficient to establish title by "acquiescence," and that here the seller's acquiescence is merely regarded as competent evidence of the agreement and of the alleged fraud or mistake by reason of which the contract subsequently drawn by the seller did not conform to the agreement. Paurley v. Harris, supra.

Although Paurley saw the fence and knew of defendants' occupancy of the disputed area before he contracted to buy the south half, and even though he would not be an innocent purchaser, nevertheless he would acquire all of the rights to possession which the seller, Mrs. Ferrell, had at the time of her agreement to sell to plaintiffs. The trial court found that Mrs. Ferrell had not entered into the boundary line agreement as the defendants contended. The judgment giving the plaintiffs possession of the strip of land in dispute is supported by substantial and competent evidence, and will stand.

Defendants contend that finding no. 8, to the effect that the cesspool used in connection with the house sold to the defendants by Lillian Ferrell is situated south of the line dividing the property of

plaintiffs from the property of defendants and upon the property of plaintiffs, is erroneous because plaintiffs failed to prove such fact. While the plaintiffs did not prove this, the defendants did by one of their own witnesses. The transcript, p. 62, discloses that the line was identified, and that defendants' witness, Belle Harris, testified in answer to her attorney's questions as follows:

"Q. Now, is the cesspool for your house north or south of that line? A. It is south of that line.

"Q. South of the line? A. Yes, sir."

Under these circumstances, they cannot object to such a finding. Defendants contend that if they are not entitled to the property in dispute they are at least entitled to an easement for the use of a cesspool which is located on the land in question and connected with their house. No one proved when the cesspool was made, by whom, or that it was or was not in existence on June 30, 1947. Therefore we do not and cannot decide whether it was an appurtenance, nor did the trial court so decide. The refusal of defendants' proposed finding no. 10, to the effect that it was an appurtenance, was correct.

Defendants allege that the trial court erred in awarding nominal damages in the sum of seven cents because there was no evidence to support such a judgment. Nominal damages need not be proved, but naturally flow from the wrongful entry and withholding of real estate. The rule is stated in 52 Am.Jur., Trespass, sec. 49, pp. 873–874, as follows:

"Since from every unauthorized entry into the close of another the law infers some damage, nominal damages are recoverable therefor even though no substantial damages result and none are proved."

Cf. 15 Am.Jur., Damages, sec. 8, pp. 395–396. To the same effect, see Call v. Coiner, 43 Idaho 320, 326, 251 P. 617.

We have examined the other assignments of error, and conclude they are not well taken, so do not deem it necessary to discuss them.

The judgment awarding plaintiffs possession of the land in dispute and nominal damages is affirmed. Costs to respondents.

TAYLOR, C. J., and KEETON, J., concur.

PORTER, Justice (dissenting).

After further consideration of the entire record in this case, I have concluded to dissent from the majority opinion. I am convinced appellants are being deprived of land which they purchased.

Appellants were renting and living upon the South part of the Lots in question at the time they purchased the North part. They knew how the North part and the

342

South part were divided by usage. They believed the dividing line was where they built their fence; and they were encouraged in such belief by the owner, Lillian Ferrell, who acquiesced in the maintenance of the fence. It was only when she had a survey made more than a year later that Lillian Ferrell claimed a different dividing line. The North and South boundaries of the lots run northwest and southeast, which fact has caused the difficulty in this case.

The appellants are an aged couple. They purchased a tract of land as it appeared on the ground. They relied upon the seller to insert the correct description of such tract in the legal papers. This the seller did not do. In the Earnest Money Receipt the land was described as "Lot 3 and North 12½ feet of Lot 2, Block 2, Lover's Lane Add. to Boise City." In the deed to appellants the land was described as "The North Half of Lots One (1), Two (2) and Three (3), in Block Two (2), of Lover's Lane Addition to Boise City." Neither description correctly describes the tract of land purchased by appellants.

The majority decision deprives appellants of their garage and even of the cesspool serving their home. The judgment should be reversed and the title quieted in appellants to the land in issue.

BAKER, District Judge, concurs in the above dissent.